# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI.

FIRST JUDICIAL DISTRICT;,

MAY TERM, 1838.

---

### DUCKER v. BARNETT & SHEOFE.

A *warehouseman* is not responsible as a common carrier; he is only bound to use ordinary diligence in securing property placed under his charge.

ERROR to the circuit court of Jackson county.

*T. C. Burch*, for appellant:

Upon this evidence the court instructed the jury, on motion of the plaintiffs, "that if the jury believe from the evidence that the defendant received the goods at the lower bank, and undertook to keep them for a reasonable reward, and attempted to carry the goods up the bank, and in so doing lost the goods, he is responsible, unless it was out of his power to save them from acts of God or the enemies of the State." The giving of this instruction is assigned for error, and surely it is manifest error.

The doctrine embraced in the instruction is applicable alone to common carriers, and probably to inn-keepers

7

and stable-keepers; and what is said in the declaration about common carriers? Not a word. It charges the defendant as an ordinary bailee for hire, which every warehouseman is in law—see Story's Commentaries, Bailments, page 289, and as such responsible for losses by ordinary negligence—Ibid, Jones' Bailments, 97, 49 and 96; Roberts v. Turner, 12 John. R. 232; Brown v. Denison, 2 Wendell's R. 593. And the case of a warehouseman is not to be governed by that required of common carriers—vide same authorities.

But suppose the declaration charged the defendant with any promise or undertaking whatever to carry, (but it does not,) it is not every person who undertakes to carry goods for hire that is deemed a common carrier. A private person may contract with another for the carriage of his goods, and incur no responsibility beyond that of any ordinary bailee for hire; that is to say, the responsibility of ordinary diligence—Story's Bailment, 322; Bac. Abr., Carrier A.; Robinson v. Dunmore, 2 Bos. & Pul. 417; Hutton v. Osborne, Selw. N. P. 382, N; Jones' Bailm. 121. To bring a person within the description of a common carrier, he must exercise it as a public employment; he must undertake to carry goods for persons generally; and he must hold himself out as ready to engage in the transportation of goods for hire as a business, not as a casual occupation *pro hac vice*— Story's Com., Bailments, 322, and authorities there cited in note 2. A common carrier has therefore been defined to be one who undertakes for hire or reward to transport from place to place the goods of such as choose to employ him—Story's Com. Bailments, 322, and authorities there cited in note 3.

*Burden*, for appellee:

The main questions presented from the declaration, evidence, and the instructions given and refused, are: First, did the appellant become liable as a common carrier? Secondly, was the judgment given for the proper party? Thirdly, is the evidence made a part of the record in this cause? First, I contend that the declaration is sufficiently broad to charge the defendant below as a common carrier—see 2d vol. Chitty's Pleadings, pages 655, 679.

Secondly. That the evidence is sufficiently broad to charge the defendant as a common carrier, although it is in proof that the defendant had said that he would not receive and be responsible for goods thrown on the lower bank; yet, it is very evident that he received the plain-

tiffs' hogshead of sugar and two other persons' goods and chattels at the lower bank on the same day; and that the plaintiffs had no notice that he was not accustomed to receive goods at the lower bank on the river; and the evidence goes to show that he, the defendant, was in the habit of receiving goods at the upper bank for persons generally, and storing the same, and receiving compensation therefor, thereby holding himself out as a common carrier.

MAY TERM, 1838.

Ducker
v.
Barnett & Sheofe.

Thirdly. That warehousemen in this country frequently have the business and duty of carriers attached to their other character, and then they become responsible as carriers—see 2d vol. Kent's Com. page 591, and note E. and authorities there cited—see, also, Story's Com. on Bailment, pages 289, 296.

Fourthly. That if Ducker cannot, under the state of this case, be made responsible as a common carrier, and a portion of the instructions were wrongly given and refused; yet, the evidence most clearly shows that he did not use ordinary care in managing said hogshead of sugar; therefore, the judgment in the court below is given for the right party, upon a full view of the record and proceedings, and should not be reversed. This point, I apprehend, if well founded, has been too often ruled to require a citation of authorities.

Fifthly. That the evidence is not saved in the bill of exceptions, so as to make it a part of the record, and therefore the court is bound to presume that the court below gave the proper judgment, and the same should not be reversed.

TOMPKINS, Judge, delivered the opinion of the court.

William B. Barnett and Charles H. Sheofe, brought their action before the circuit court against William Ducker, and having there obtained a judgment, Ducker prosecutes his writ of error to reverse that judgment.

From the bill of exceptions it appears that Ducker kept a warehouse on the Missouri river; and that among many other articles put on shore near his warehouse for the merchants of Jackson county was a hogshead of sugar, weighing about 1,100 pounds, belonging to the plaintiffs. It was proved that this hogshead of sugar was landed on the second bank of the river above high water, and that the defendant had been often heard to say that he would not receive and be responsible for goods delivered on that bank. It did not appear that the plaintiffs or

either of them heard him say so; but he promised, at the request of one of them, to take charge of it, and attempted to roll it on the higher bank, with the aid of several persons, and being unable to do so, he let it remain there all night; and next day a man coming to the landing with a wagon and team to carry a load off, he was requested by Ducker, the defendant, to draw the hogshead of sugar to the top of the bank; the hogshead was put on a slide, and in attempting to draw it to the top of the upper bank, the pins or standards in the hinder part of said slide, or one of them, broke or came out, and the hogshead rolled into the river, and was lost. The witnesses stated that the fore part of the slide ran upon a log by sliding down the slope of the bank, and that at that time one or more of the pins broke or came out of the hinder part of the slide, and the hogshead was lost. On motion of the plaintiffs, the court instructed the jury that the defendant was responsible, unless they should find that it was out of his power to save the hogshead from the acts of God or the enemies of the State.

The giving of this instruction is assigned for error. It does not appear to me to be material whether the plaintiffs had or had not heard of the defendant's declaration that he would not receive and be responsible for goods delivered on the second bank. He took charge of this hogshead of sugar at the request of one of them, and having done so, he became answerable for using ordinary diligence. The plaintiff must be presumed, as he was on the spot, to be informed of the state of the road up the bank, and to have requested the defendant to take charge of the sugar, subject to the risk of a good or bad road, as the case might be, and the jury should have been instructed that if they found that the defendant used ordinary diligence in attempting to get the sugar to the upper bank, they must find for him.

The circuit court, in my opinion, committed error in telling the jury that the defendant was liable for all accidents, except such as happened from the acts of God or the enemies of the State. Its judgment ought then, in my opinion, to be reversed; and the rest of the court concurring, it is reversed, and the cause remanded.

*A warehouseman is not responsible as a common carrier; he is only bound to use ordinary diligence in securing property placed under his charge.*