Snmr, .1.-
"Ilaiing shown api-/inc /heia right to the possession of the boat, the \ erdiet should have been br the p]aint.ifks. unless the *78 defendant proved that he had a better title. This he, certainly, failed to do. Gideon Holliday appeal’s to have come into the possession of the boat through the plaintiffs as their bailee. As such he had no authority to sell and a title derived through him was wholly worthless. If a bailee of goods for a particular purpose, transfers them In contravention of such purpose, even although it be to a bona fide vendee without notice, the latter cannot resist the claim of the owner. Kitchell v. Vanadar, 1 Blackf. 356; Story on Bailments, 79. There may be, it is true, exceptions to this general rule. Thus it is said in Dyer v. Pearson, 3 B. & C. 42, that if the real owner of goods suffer another to have possession of his property and of those documents which are the indicia of property, and thus enable such other to hold himself out to the world as having both the possession and ownership, then, perhaps, a sale by such person would bind the true owner. But this was in a case quite different from that now under consideration. Gideon Holliday is not shown to have had any other indicia of ownership, than the mere possession and control of the boat as master, and that is not sufficient to bring the case within such an exception.”
Judgment reversed, &c.