May Term,
1858.

PRIBBLE
v.
KENT.

|   |   |
|---|---|
| 10 | 325 |
| 126 | 244 |
| 10 | 325 |
| 144 | 683 |

## PRIBBLE *v.* KENT and Another.

Suit to recover the value of a quantity of corn stored with warehousemen. The receipt given for the corn was as follows: *"Portland, February* 16, 1856. Received in store from *Barnard Pribble* by same for same, not transferable without notice, and not accountable for loss by fire, 132 bushels 43 lbs. corn, in store till 1st *May*, at 2 cents. *Kent & Hitchens." Held,* that the receipt shows a contract by which the specific article deposited was to be redelivered.

In this species of bailment, the property remains in the bailor, and the bailee holds a lien upon it for the storage.

On the first of *May*, in this case, the bailor had a right to demand and recover the corn, on paying the charges for storage.

The bailor failing to make such demand, the bailee may, at the end of one year, under our statute, sell the deposit, after notice, at public auction.

But here, the bailor's complaint shows that he demanded the corn and tendered the amount due for storage, on the 18th of *September* following—the bailees not having yet disposed of it by any legal mode. *Held,* that the bailees should have redelivered the deposit, and having failed to do so, an action against them for its value was well brought.

The suit was in the nature of an action of trover; the demand and refusal would be evidence of conversion; and the value of the property at that time would, *it seems,* be the measure of damages.

As a general rule, a receipt is not a contract, and parol evidence may be admitted touching its subject-matter, while a written contract, as a general rule, precludes such evidence; but a receipt may be so drawn as to constitute a contract, and a contract may be interpreted or construed by viewing it in the light of established custom.

APPEAL from the *Warren* Court of Common Pleas.

PERKINS, J.—Suit to recover the value of a quantity of corn.

*Tuesday, June 1.*

The first paragraph of the complaint reads thus:

" *Barnard Pribble* complains of *William Kent* and *Elisha Hitchens,* and says that the said defendants, on the 16th day of *February,* A. D. 1856, by their certain receipt in

writing, a copy of which is filed herewith, acknowledged, under the name of *Kent & Hitchens*, that they had received from the plaintiff, in store until the first day of *May*, at 2 cents storage, 132 bushels and 43 pounds of corn, not transferable without notice, and not accountable for loss by fire. And the plaintiff avers that said corn was not destroyed by fire and was not transferred. And the plaintiff further avers that said defendants were warehousemen, purchasing corn and other produce; and that it was and is according to the custom of warehousemen to receive corn in store and pay the market price therefor at any time when the holder of receipts for it may be willing to sell, or deliver it on demand, or pay the then price of corn. And the plaintiff avers, that on the 18th day of *September*, 1856, he offered to sell said corn to the defendants at the then market price, which was 40 cents a bushel, but they refused to purchase it; that thereupon he then and there, at the warehouse of said defendants, on said 18th of *September*, tendered to them the amount of storage then due, to-wit, 9 dollars and 25 cents, (and brings the same into Court, &c.,) and demanded the corn of said defendants, and that they then and there refused, and still refuse, to deliver the same to the plaintiff," &c.

Copy of receipt.

"*Portland, February* 16, 1856. Received in store from *Barnard Pribble* by same for same, not transferable without notice, and not accountable for loss by fire, 132 bush., 43 lbs. corn, in store till 1st *May*, at 2 cents.

"*Kent & Hitchens.*"

There were two other similar paragraphs in the complaint, upon two other receipts for grain.

Demurrers were sustained to all of these paragraphs, because they did not state facts constituting a cause of action.

Counsel for the appellee vindicate the ruling of the Court upon the demurrers by reasoning thus:

They say the appellant might have demanded the corn on the 1st of *May*, or in a reasonable time thereafter, but could not subsequently. That on his failure to so demand it,

the appellees had the right to appropriate the corn to their own use, and pay the appellant therefor, when he might demand it, the current price of the corn at the time they so appropriated it.

We must first inquire into and ascertain the character of the contract between the parties. It was clearly one of bailment, not of sale. *Ashby* v. *West*, 3 Ind. R. 170.— *Ewing* v. *French*, 1 Blackf. 353. This is admitted. But there are different kinds of bailment. There is one in which the specific article deposited is to be returned; and another in which its value is to be returned in an article manufactured from that deposited. *Mallory* v. *Willis*, 4 Comst. 76.

We think the bailment in this case was of the kind first mentioned—that by the contract, the identical corn deposited was to be returned. This we take to be the fair import of the receipt. *Wadsworth* v. *Allcott*, 2 Seld. 64. See, also, 4 Hill, 104 to 107. The property in the corn, then, remained, in this case beyond doubt, in the bailor, *Pribble*, and was in him on the first day of *May*, 1856. The parties, on that day, then, stood in this relation to each other. *Kent* and *Hitchens* held the corn as bailees of *Pribble*, with a lien upon it against him as the owner, for the amount due for storage. *Pribble* had a right, at that time, to demand and recover the corn on paying charges for storage. He failed to do either. What, then, became the right of *Kent* and *Hitchens*? Not, certainly, without notice to *Pribble*, to throw the corn into the street, or convert it to their own use. *Kitchell* v. *Vanadar*, 1 Blackf. 356.— *Coffin* v. *Anderson*, 4 id. 395.—*Ingersoll et al.* v. *Emmerson*, 1 Ind. R. 76.— *Wolf* v. *Esteb*, 7 id. 448. Probably, at common law, they might have sold, after reasonable notice to *Pribble*, without judicial process, or with such process, to satisfy their lien for storage. *Evans* v. *Darlington*, 5 Blackf. 321. Our statute provides that, in such cases, a sale may take place after notice, at public auction, at the end of one year from the date of storage. 2 R. S. pp. 240, 241, §§ 4, 8. Here, the bailees, not having disposed of the deposit by any legal mode, it was their duty to have redelivered it, in compliance with the demand made by the bailor, accom-

panied, as it was, by a tender of the full amount due for storage. Having failed to do so, this action well lies against them.

The Court erred in overruling the demurrer.

Counsel have discussed the question of damages, should the plaintiff recover. The suit is in the nature of an action of trover. The demand and refusal would be evidence of conversion, and the value of the property at that time, would seem to be the natural measure of damages. *Stevens* v. *Low,* 2 Hill, 132. Perhaps circumstances might justify the infliction of more.

So far, we have looked at the case without reference to any custom or usage, in this department of business, which might bear upon it.

We are not prepared to say that the rights of the parties might not be affected by a custom so long continued, known, and universal, as to be legal. The general principle is that a receipt, not being a contract, does not preclude parol evidence touching the subject-matter of it; while, on the other hand, a written contract, as a general rule, does preclude such evidence. But a receipt may be so drawn as to constitute a contract; and a contract may be interpreted and construed—a meaning assigned to leading and controlling words in it—by viewing it in the light of established custom. See a valuable review of the cases on this point in Rawle's ed. of Smith on Cont., top p. 95; also, Edwards on Bailment, tit., Warehousemen; *Dawson* v. *Kittle,* 1 Hill, 407; 1 Ohio St. R. 248; *Mason* v. *Beard,* 2 Ind. R. 505; *Rapp* v. *Grayson,* 2 Blackf. 130, *Cox* v. *O'Riley,* 4 Ind. R. 368; *Harper* v. *Pound,* 10 Ind. R. 32; and the cases cited above from *Hill, Comstock* and *Selden.*

Without the evidence, it will be impossible to make any application of the rule to this case.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded for trial.

*R. A. Chandler,* for the appellant.

*B. F. Gregory* and *J. Harper,* for the appellees.