Cassel v. The Western Stage Company.

---

### CASSEL v. THE WESTERN STAGE COMPANY.

1. VERDICT IN REPLEVIN.   When in an action of replevin the ownership and right to the possession of personal property was in issue on the allegations of plaintiff's petition, the defendant setting up no special property, and the jury returned the following verdict:   "We find the ownership in the plaintiff, and assess the value of the mare at $75, and the damage for wrongful detention at $25," it was held, that the form of the verdict was sufficient, and the court did not err in entering judgment therein.

2. ISSUE IN REPLEVIN.   The question to be determined in an action of replevin is, in whom was the right of possession at the time the action was commenced.

3. EVIDENCE IN REPLEVIN.   As a general rule, ownership of personal property carries with it the right of possession; and in replevin a general allegation of a right to the possession of the property in controversy is sufficiently maintained by evidence of ownership only, when no special right to the possession is shown by the opposing party.

*Appeal from Polk District Court.*

FRIDAY, JUNE 7

REPLEVIN. The petition claims "of defendants the possession of *plaintiff's certain bay mare*," &c. After stating that he is entitled to the present possession of the property, he avers that the alleged cause of detention is, that defendants purchased the said mare of some person unknown to him. The answer denies all the allegations of the petition, and claims that defendants never had the property in their possession. Replication, that the property was in their possession, and *claiming title to the same.* The property was not found by the sheriff.

The jury returned the following verdict: "We find the ownership in the plaintiff, and assess the value of the mare at $75, and the damages for wrongful detention at $25." Defendants moved in arrest and for a new trial, which motions were overruled.

*Casady, Crocker & Polk,* for the appellant.

*Brown & Sibley,* for the appellee.

WRIGHT, J.—The objection made in this court, relates alone to the action of the District Court, in overruling the motions in arrest and for a new trial. And the point made is, that the verdict did not settle and determine that plaintiff was entitled *to the possession* of the property at the time he instituted his suit; that it determines the ownership alone, a question not made by the pleading, or if made, it was immaterial, and when settled, determined nothing in this form of action.

It is true that the question to be determined in this acttion under the statute is, in whom was the right of possession at the time of the institution of the suit. Title to personal property ordinarily carries with it the right to the posses-

sion. And yet it is true that the title may be in one person and the right to the possession in another. In such action it is unnecessary, even if plaintiff claims possession, as resulting from his ownership, that he shall so state. It is sufficient for him to allege his right to the possession, and maintain this by proof of ownership, which in the absence of proof to the contrary, carries with it the other right. In this case the pleader has clearly stated his right to the possession, and in an equally clear manner claimed title. The verdict awards him the ownership, but does not in words determine the right of possession.

The form of a verdict is sufficient if it expresses the intention of the jury. In arriving at this intention it is always proper to look at the nature of the case, the issue made, and especially the whole language used by them. In this case the plaintiff claimed that the mare was his, and that he had title. This is denied, but there is nothing in the answer indicating that defendants claimed a special property in the mare, or a right to the possession distinct from ownership. The property was not delivered to the plaintiff under the writ, and if he established his right to it, he was entitled to recover the value of that right. (Code of 1851, § 2000.) The jury found the ownership to be in the plaintiff, which in the absence of any thing else carries with it the right to the possession. And yet more, they found that the plaintiff was entitled to damages for the detention, thereby clearly implying that he had the right. Under such circumstances we think the court did not err in entering judgment on the verdict.

Affirmed.