## BERGER, Respondent, v. ST. LOUIS STORAGE & COMMISSION COMPANY, Appellant.

### St. Louis Court of Appeals, March 9, 1909.

1. **BAILMENT: Warehouseman: Ordinary Care.** A warehouseman is a bailee charged with the duty of exercising ordinary care to protect the property entrusted to him as such.

2. **PRACTICE: Consistent Theories: Negligence.** In an action against a warehouseman for loss of goods stored with him by the plaintiff, the defendant was liable only in case the property was lost through his negligence; but where both parties tried the case on the theory that he was liable if the goods were lost, without regard to whether he was negligent, the case will not be reversed on the ground that the question of his negligence was not submitted to the jury.

3. **BAILMENT: Warehouseman: Burden of Proof.** In an action against a warehouseman for loss of goods entrusted to him, the plaintiff, in order to make out a prima-facie case, must show that the defendant was negligent, nevertheless this condition was satisfied and a prima-facie case of negligence was made by showing that plaintiff deposited the goods with the warehouseman in good condition, and upon demand the warehouseman refused to deliver or delivered them in a bad condition; it then devolved on the defendant to prove the loss did not occur through his negligence or breach of duty.

4. **PRACTICE: Burden of Proof: Prima-Facie Case: Instruction.** The burden of proof rests upon the party holding the affirmative of an issue, and remains with him until the end of the trial, and it is the duty of the court to so instruct the jury when requested, although the duty of producing evidence to rebut a prima-facie case made out by the plaintiff may shift to the other party.

5. ———: ———: ———: ———: **Definition.** It is not error for the trial court to refuse an instruction regarding the "burden of proof," where the words are used without definition or explanation.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*F. E. Bryan* and *Johnson, Houts, Marlatt & Hawes* for appellant.

(1) The trial court misconceived the rule of liability in this case. The defendant was only a warehouseman, holding the property described in the petition under no special contract, and was therefore liable only for negligent loss or injury to such property. Gashweiler v. Railroad, 83 Mo. 119, 30 Am. & Eng. Ency. Law (2 Ed.), 46. (2) The court refused to permit defendant to show that the rugs and carpets described in the first count of the petition were stolen, and instructed the jury to find for the plaintiff if such rugs and carpets were not returned to plaintiff upon demand. This is not the rule. A warehouseman is not liable for property stolen, unless negligent. 30 Am. & Eng. Ency. of Law, 50.

*Robert & Robert* for respondent.

When property is delivered to a bailee, in good condition, and returned to the bailor in a damaged condition, it will be presumed that the condition resulted from the negligence of the bailee. Wiser v. Chelsey, 53 Mo. 547; Taussig v. Schields, 26 Mo. App. 318; Arnot v. Branconnier, 14 Mo. App. 431.

NORTONI, J.—This is an action for the value of several carpets totally lost to the plaintiff and for damages alleged to have accrued to numerous articles

of furniture while stored in the defendant's warehouse. Plaintiff recovered and defendant appeals. The defendant, a warehouseman, conducts a storage business for hire. Plaintiff stored her carpets and furniture with it and paid the fee therefor. Upon applying for redelivery of the goods, the carpets could not be found, and it appears several articles of her furniture had been greatly damaged. The defendant warehouseman is a bailee, and the contract being for the return of specific articles stored upon demand of plaintiff, was one of bailment. [30 Amer. and Eng. Ency. Law (2 Ed.), 42; McCabe v. McKinstry, 5 Dill (U. S.) 509; Pribble v. Kent, 10 Ind. 325, 71 Amer. Dec. 327.] The obligation of the warehouseman bailee in such circumstances is to exercise ordinary care to protect the property entrusted to him; that is, to use such care and diligence looking to its safety as ordinarily prudent persons in that business are accustomed to exercise toward such property or in the care of their own property under similar circumstances. [Ducker v. Barnett, 5 Mo. 97; Holtzclaw v. Duff, 27 Mo. 392; Gashweiler v. Wabash R. R. Co., 83 Mo. 112, 53 Am. Rep. 558; Standard Milling Co. v. White Line Transit Co., 122 Mo. 258; Bush v. St. L., etc., Ry. Co., 3 Mo. App. 62; 30 Am. and Eng. Ency. Law (2 Ed.), 46.] It seems from the instructions given, the court did not submit to the jury the question of defendant's neglect in respect of its obligation to exercise ordinary care for the safety of the goods. It is therefore insisted the judgment should be reversed for the reason the court did not require the jury to find the plaintiff's loss occurred through defendant's negligence. Under ordinary circumstances, this argument would be persuasive and sound indeed. Not so in this particular instance, however; and this for the reason that defendant's negligence seems to have been conceded on the trial. Both parties requested instructions on the theory that an absolute liability existed against the defendant in case the plaintiff's loss occurred. That

is to say, the plaintiff and defendant alike omitted to request the court for a charge to the effect that the plaintiff could recover only in event her loss occurred through the negligence of defendant or its servants. In order to show the theory adopted by the parties at the trial, we copy the instructions given by the court touching the matter with respect to the loss of the carpets complained of. For the plaintiff the court instructed as follows:

"The court instructs the jury that it is admitted by the defendant that on or about the 16th day of October, 1905, the plaintiff delivered to the defendant certain carpets and rugs for storage, and that the defendant lost the same and failed to return the same to the plaintiff on demand, and your verdict must be for the plaintiff on the first count of plaintiff's petition."

For the defendant, and at its request, the court instructed as follows:

"The court instructs the jury that if you find from the evidence that the three carpets and rugs were lost or stolen, you are to return a verdict in favor of the plaintiff and against the defendant for the fair and reasonable amount said carpets and rugs were worth at the time they were demanded."

As to the other items, the instructions disclose the parties proceeded upon the same theory. It is obvious from the instructions above quoted that both parties participated in requesting the court to submit the case upon the theory of an absolute liability resting upon the defendant to account for the goods in case of their loss or damage without regard to the question of neglect or care. Of course the defendant is bound by the theory it adopted on the trial and will not be permitted to predicate reversible error here on the failure to instruct that its obligation was one of ordinary care when its counsel had requested the court to instruct on the theory of an absolute liability. However this may be, from a careful reading of the entire record, it appears

the defendant's negligence was practically conceded in the trial court for the reason it in no manner sought to show the exercise of ordinary care on its part. The counsel nevertheless urge an argument to the effect that it devolved upon the plaintiff to establish defendant's negligence by competent proof, and that until this was done, there was no obligation on the defendant to introduce evidence tending to show the exercise of ordinary care on its part. It is indeed very true that the burden rests upon the plaintiff to establish a prima-facie case of neglect in respect of the obligation of ordinary care resting upon the warehouseman, as it does in other cases of the negligent breach of duty. [Stanard Milling Co. v. White Line Transit Co., 122 Mo. 258; 30 Am. and Eng. Ency. Law (2 Ed.), 52.] Where one deposits goods in bailment with a warehouseman for safe-keeping and as is usual in such cases, goes about his business elsewhere, and the goods are lost or damaged, it would indeed be almost impossible in every instance for him to establish the particular acts of negligence through which the loss or injury occurred while in the possession of the bailee. And, therefore, even though the burden of proving negligence is upon the plaintiff, the law is satisfied, and a prima-facie case of negligence against the warehouseman is made, upon plaintiff showing that he deposited goods in the warehouse in good condition, which, upon demand, the warehouseman failed or refused to deliver, or delivered the property in a damaged condition. Plaintiff having shown so much, it then devolved upon the defendant to introduce evidence of ordinary care on its part and establish that although the loss occurred, it was through no breach of duty on its part. [Wiser v. Chesley, 53 Mo. 547; Arnot v. Branconier, 14 Mo. App. 431; Taussig v. Shields, 26 Mo. App. 318; 30 Am. and Eng. Ency. Law (2 Ed.), 53; Lawson on Bailments, p. 543.]

The evidence on the part of plaintiff tended to prove that plaintiff deposited the goods with the ware-

houseman for safe-keeping and paid the storage. On demand for their return, the warehouseman wholly failed to account for several carpets and the dressers, chairs and other articles returned to her were greatly damaged and almost entirely destroyed during the period of storage.

On the part of the defendant, it was admitted that the carpets were received by it and not returned. It is said they were stolen while in storage. It was denied, however, that the other articles were either injured or damaged in any respect. The defendant introduced no evidence whatever tending to show that it had exercised ordinary care looking to the protection of plaintiff's property. In fact, the case proceeded as though the only controversy between the parties was about the amount of damage, if any, to the articles of furniture mentioned, and the value of the carpets lost. Plaintiff having established a prima-facie case of negligence by the facts proved and the presumption arising therefrom, which was not rebutted in the least on the part of defendant, its negligence stood as an established fact in the case not controverted. Under such circumstances, the defendant's negligence being established and not controverted, the judgment should not be reversed for the failure of the court to submit the question of negligence to the jury in instructions, and this for the reason defendant's negligence was no longer an issuable fact in the case for decision. It was conceded. [Hamlin v. Abell, 120 Mo. 188.] This would be true even though the defendant had not invited the court to adopt a theory of the case omitting defendant's negligence as an element of liability.

Although requested so to do, the court gave no instruction whatever on the burden of proof. The defendant requested and the court refused, over its objection and exception, the following instruction:

"The court further instructs the jury that the burden of proof is on the plaintiff, and that unless the

weight of the evidence is in favor of the plaintiff, you will return a verdict in favor of the defendant and against plaintiff; this rule applying to parts as well as the whole of plaintiff's case."

The burden of proof, as correctly understood, is the duty which rests upon a party asserting the affirmative of an issue or proposition of establishing it by a preponderance of the evidence. This duty remains with the party holding the affirmative until the end of the trial. [Glover v. Henderson, 120 Mo. 367; Thompson v. Met. Street Ry. Co., 135 Mo. 217; 5 Am. and Eng. Ency. Law (2 Ed.), 23, 30.] The court no doubt refused defendant's instruction as to the burden of proof on the theory that the plaintiff, having made a prima-facie case of negligence, the burden then shifted to the defendant to rebut it. However that may be, the burden of proof remains throughout the trial where the pleadings placed it in the first instance; that is, upon the party holding the affirmative of the issue. The distinction is between the burden of proof and the burden of evidence. Where, as here, the plaintiff makes a prima-facie case, it is not the burden of proof that shifts to the defendant, but it is the duty of coming forward with evidence of sufficient weight to rebut plaintiff's prima-facie case. The duty of introducing evidence is shifted by the prima-facie case in the first instance to the defendant and back again by counter-evidence on its part, which meets and destroys the prima-facie case on the part of the plaintiff. It is then the duty of the plaintiff to overcome the evidence introduced by defendant tending to establish due care on its part. The burden of proof, however, remains to the end with the party holding the affirmative of the proposition or issue sought to be established and upon a proper request, it is the duty of the court to so instruct the jury. [Marshall Livery Co. v. McKelvy, 55 Mo. App. 240; Farmers' Loan & Trust Co. v. Siefke, 144 N. Y. 354; Scott v. Wood, 81 Cal. 398; Long v. Long,

44 Mo. App. 141; Central Bridge Corp. v. Butler, 2 Gray (Mass.) 130; 5 Am. and Eng. Ency. Law (2 Ed.), 22, 30, 39. For an interesting and highly instructive discussion of the whole subject, see Prof. Thayer's Cases on Evidence, p. 44 et seq.]

However this may be, the court was justified in refusing the instruction on the burden of proof, drafted as it was without explanation of the meaning of that term. While it is true that the giving of an instruction containing the words "burden of proof" or "preponderance of the evidence" unexplained, is not sufficiently prejudicial to warrant a reversal of the judgment for that alone, as was held in the cases of Berry v. Wilson, 64 Mo. 164; Anchor Milling Co. v. Walsh, 37 Mo. App. 567; Steinkamper v. McManus, 26 Mo. App. 51, it is equally as well settled that the action of the court in refusing such instruction does not constitute reversible error. It is said a judge should instruct the jury in plain English and avoid, as far as possible, the use of technical terms, especially of technical legal terms. [2 Thompson on Trials, sec. 2327.] The words "burden of proof" and "preponderance of the evidence" have a peculiar meaning in the law and it is believed that their use, unaccompanied by further explanation, does not convey to the ordinary mind a definite impression. On this reasoning, numerous cases declare that a court may justly refuse an instruction containing the term "burden of proof" when such words are not otherwise explained or defined. [See Fletcher v. Milburn Mfg. Co., 35 Mo. App. 321, 329; Hill v. Scott, 38 Mo. App. 370, 379; Prince & Co. v. Compress Co., 112 Mo. App. 49, 66.] In keeping with this doctrine, our Supreme Court held it was not reversible error for a court to refuse an instruction containing the words "preponderance of the evidence" without further explanation as to their meaning in the law. [See Clark v. Kitchen, 52 Mo. 316.]

Accepting this view, we find no reversible error in the record and the judgment will be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.