# CONSOLIDATED AMUSEMENT COMPANY, LIMITED, AN HAWAIIAN CORPORATION, v. WILLIAM P. JARRETT, HIGH SHERIFF OF THE TERRITORY OF HAWAII.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED MARCH 29, 1915.    DECIDED MAY 13, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

REPLEVIN—*right of possession—evidence.*

In an action of replevin for goods and chattels alleged to have been unlawfully taken and detained, where plaintiff proves ownership and possession at the time of the alleged unlawful taking he has made out a *prima facie* case, and the burden of proving any special right of possession in himself is on the opposite party.

SAME—*same—justification.*

Where a sheriff or party seeks to justify the taking of personal property by virtue of an execution issued upon a judgment, the judgment record and execution must be produced and a levy shown under it.

OPINION OF THE COURT BY WATSON, J.

Replevin by the appellant for certain office furniture and chattels alleged to have been unlawfully taken and detained from it by the appellee, William P. Jarrett, high sheriff of the Territory of Hawaii. What the answer was does not appear from the record sent up, but in the briefs of both counsel for the appellant and appellee it is stated to have been a general denial, which, under our practice (Sec. 2369, R. L. 1915) was

no doubt sufficient to permit the defendant to show that he had taken the property as an officer upon process. See also Wells on Replevin, Sec. 301; 20 A. & E. Ann. Cas., 299.

On the trial plaintiff introduced evidence tending to prove that it was the owner of the goods replevied and that such goods were in its possession on the _____ day of November, 1914, when defendant "levied" on the same. There was no evidence of the nature of the writ under which the so-called "levy" was made. The writ itself was not given in evidence nor its absence accounted for. Indeed, there was no evidence that the goods were taken from the plaintiff by the defendant, as an officer, by virtue of any writ, other than the incidental statement of the witness of plaintiff, above referred to, that the defendant on the date named had "levied" on the goods. The defendant showed no title to the property and in no way justified the taking, notwithstanding which the magistrate gave judgment in his favor. From this judgment plaintiff appealed to this court on points of law, the points stated being, (1) the court erred in giving judgment for the defendant; (2) plaintiff having proved its ownership, possession and the taking of the property by the high sheriff of the Territory of Hawaii under execution, it became incumbent upon defendant to show that such taking was lawful, and this he failed to do. It is our opinion that the appellant (plaintiff below) having proved its ownership and prior possession, made out a *prima facie* case and the burden of proving any special right in himself was on the opposite party (the defendant below). *Cassel* v. *The Western Stage Co.,* 12 Ia. 47, 49; *Kebabian* v. *Adams Express Co.,* 27 R. I. 564; *Morris* v. *Danielson,* 3 Hill (N. Y.) 168. "Where the plaintiff is able to show that the defendant was taking away property of which he had just before been in possession, claiming to own it, it is sufficient, at least, to put the defendant upon proof of his title or right to possession, and in the absence of such proof the plaintiff will be entitled to recover." Wells on Replevin, Sec. 109;

3 Elliott on Evidence, Sec. 2608; *Ingersoll* v. *Emerson,* 1 Ind. 76. "The admitted quiet and peaceable possession of the property by plaintiffs at the time of the seizure was *prima facie* evidence of title and threw the burden of proof upon the defendant of establishing the contrary." *Schulenberg* v. *Harriman,* 21 Wall. (U. S.) 44, 59. An allegation of right of possession is proved by evidence of ownership of the property where no special right of possession is shown in the opposite party. *Cassel* v. *The Western Stage Co.,* supra.

Counsel for the appellant and appellee have throughout their briefs proceeded on the idea that the evidence showed a taking by the defendant, as an officer, under a writ of execution, in which the appellant (plaintiff below) was named as defendant. This assumption is not borne out by the evidence, but assuming it to be the fact, the justification is not sustained by the evidence. "There is a distinction to be observed * * * between an action against the officer in trespass, and an action for the goods. An execution regular on its face, issued by a court of competent jurisdiction, will protect an officer in an action of trespass brought against him by the defendant named in the writ, but it cannot be made the basis of a claim of right to the property without proof of a valid judgment to sustain it." Wells on Replevin, Sec. 263. A valid execution and judgment must be given in evidence. Wells on Replevin, Sec. 302; *Adams* v. *Hubbard,* 30 Mich. 104; *Underhill* v. *Reinor,* 2 Hilton (N. Y.) 319; *Beach* v. *Botsford,* 1 Doug. (Mich.) 199; 24 A. & E. Enc. L. (2 ed.) 499, 500. "Where a sheriff or other officer seeks to justify the seizure of personal property under an execution, it is essential that upon the trial the execution be produced, or its absence accounted for." Murfree on Sheriffs, Sec. 929; *Bridges* v. *Layman and another,* 31 Ind. 384, 386.

The judgment is reversed and the case remanded for a new trial to be not inconsistent herewith.

*J. A. Magoon* for plaintiff.

*E. A. Douthitt* for defendant.