WILLIAM D. WILLIAMS and LAURA WILLIAMS, Appellants, v. MODERN WOODMEN OF AMERICA, a Corporation, Respondent.

St. Louis Court of Appeals. Opinion Filed May 4, 1920.

1. **INSURANCE: Fraternal Beneficiary Associations: Proof of Death: Affidavits as to Cause of Death: Not Conclusive.** Where the beneficiaries in a life benefit certificates were not present at the time deceased died, and the proofs of death were prepared by officers of the local camp, and they did not know at the time they made the affidavits as to how insured came to his death, but in making such affidavits were acting upon the suggestion and advice of the local officers, the proofs of death, under such circumstances, were not conclusive against the beneficiaries.

2. **EVIDENCE: Burden of Proof: Does Not Shift.** The burden of proof never shift, but remains throughout the trial with the party asserting the affirmative of the issue, and where it is placed by the pleadings in the first instance.

3. **INSURANCE: Fraternal Beneficiary Associations: Proof of Issuance of Certificate and Death Prima-facie Case.** Proof of the issuance of a certificate of insurance and death being made, establishes prima facie, a case in favor of the beneficiary.

4. ————: ————: **Evidence: Pleadings: Burden of Proof on Insurer.** In an action on a beneficiary certificate, where the answer was a general denial and an affirmative plea admitting the issuance of the certificate and the death of the assured, the burden of proof was upon the defendant and remained there throughout the trial

of the case; defendant having affirmatively alleged that deceased was engaged in a prohibited occupation at the time of his death; that his death resulted by reason thereof and was directly traceable to his employment in said occupation.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Benjamin J. Klene,* Judge.

REVERSED AND REMANDED.

*Earl M. Pirkey* for appellants.

(1) It is reversible error to give an incorrect instruction at the request of the successful litigant or of the court's own motion which conflicts with a correct instruction given at the instance of the losing party. Mansur-Tibbetts Imp. Co. v. Ritchie Imp. Co. v. Ritchie, 143 Mo. 612; State ex rel. Central Coal & Coke Company v. Ellison et al., 270 Mo. 645; Easton-Taylor Trust Co. v. Loker et al., 205 S. W. 87; Flintjer v. Kansas City, 204 S. W. 951; Martmowsky v. City of Hannibal, 35 Mo. App. 70; Desnoyers Shoe Company v. Lisman and Ramsey, 85 App 345; Sheperd v. St. Louis Transit Co., 189 Mo. 373; Wallack v. St. Louis Transit Co., 123 Mo. App. 167; Porter v. Mo. P. Ry. Co., 199 Mo. 83. (2) It is reversible error to reiterate the same thing in instructions for one party. Reeves v. Lutz, 191 Mo. App. 559. (3) It is reversible error for the trial judge to comment on the evidence. Hutchinson v. Safety Gate Company, 247 Mo. 112; Wheeler v. Walace, 53 Mich. 355; 33 American Law Register and Review, pages 42-43; Rose v. Kansas City, 125 Mo. App. 236; Landers v. Q. O. & K. C. R. Co., 143 Mo. App. 88; McGinnis v. Mo. P. R. Co., 21 Mo. App. 413, par. 7; Schmidt v. St. Louis Railroad, 149 Mo. 283. (4) The introduction of the policy or benefit certificate and proof of death of the insured makes a prima-facie case for the plaintiffs, and the burden of proof then rests on the defendant to prove an affirmative defense. Bange v. Supreme Council Legion of Honor, 179 Mo. App. 38; Wolfgram v. Modern Woodmen, 167 Mo. App. 224; Cum-

mings v. W. O. W., 170 Mo. App. 199. (5) Statements contained in death proofs are not conclusive against the beneficiary who furnishes them, but may be overcome by proof tending to explain or relieve against them. Bamberge v. Supreme Tribe of Ben Hur, 159 Mo. App. 111; Queathem v. Modern Woodmen, 148 Mo. App. 33; Bruck v. John Hancock Mutual Life Insurance Company, 194 Mo. App. 538. Notice to the clerk of a local camp that a member is engaged in a prohibited occupation is notice to the company. Andre v. Modern Woodmen, 102 Mo. App. 377; Simmons v. Modern Woodmen, 185 Mo. App. 493.

*Truman Plantz* and *John E. Turner* for respondent.

(1) Where the verdict is manifestly for the right party errors in the giving or refusing of instructions will not work a reversal Revised Statutes of Missouri 1909, sec. 2082; Burns v. City of Liberty, 131 Mo. 372, 33 S. W. 18; Barkley v. Cemetery Ass'n, 153 Mo. 300, 54 S. W. 482; King v. King, 155 Mo. 406, 56 S. W. 534; Redman v. Adams, 165 Mo. 60, 65 S. W. 300; Wagner v. Edison Elec. Illuminating Co., 82 Mo. App. 287; Nulle v. Lange, 84 Mo. App. 219. (2) It is the public policy of this State, fixed by the statute and the Supreme and Appellate Courts, not to reverse a judgment on mere technicalities, nor unless error is interposed which materially affects the merits of the controversy to the injury of appellant. There was no material error against appellant committed on the trial of this case, and the verdict being for the right party should not be disturbed. Sec. 2082, Rev. Statutes of Missouri, 1909; Buck v. Buck, 267 Mo. 644; Cohran v. Polk, 252 Mo. 261; Trainer v. Spalerite, 243 Mo. 359; Atkinson v. Am. School of Osteopathy, 199 Mo. App. 251; Dawson v. Railroad, 197 Mo. App. 169; Allen v. Forsythe, 160 Mo. App. 262; McDermott v. Class, 104 Mo. 593: Cross v. Gould, 131 Mo. App. 593; Freeland v. Williamson, 220 Mo. 233; Stumpe v. Kopp, 201 Mo. 420, 424; Mann v. Doerr, 222 Mo. 15;

Armelio v. Whitman, 127 Mo. 702-3; Logan v. Field, 192 Mo. 70-71; O'Keefe v. U. Rys. Co., 124 Mo. App. 623; Caplin v. St. Louis Transit Co., 114 Mo. App. 264-5; Schoen Co. v. Brewing Co., 126 Mo. App. 268. (3) Erroneous instructions must be prejudicial or are favorable to the losing party, and where they are not prejudical or are favorable or the error harmless, the judgment will not be disturbed. Barkley v. Association, 153 Mo. 300; King v. King, 155 Mo. 406; Jones v. Railway, 178 Mo. 528; Mockomick Railways, 196 Mo. 550; McKinstry v. Transit Co., 108 Mo. App. 12; Brown v. Transit Co., 108 Mo. App. 310; Litton v. Railways Co., 111 Mo. App. 140; State ex rel. v. Stone, 111 Mo. App. 364; Edmonston v. Jones, 96 Mo. App. 83; Crescent P. Co. v. Spilker, 77 Mo. App. 409; Hannon v. Transit Co., 102 Mo. App. 216; S. W. Rys. v. Railways, 110 Mo. App. 300. (4) Proofs of death of the insured furnished by the beneficiaries are admissible in evidence against the beneficiaries as admissions by them, and, when not contradicted or explained, are conclusive against them. Stephens v. Mut. Life Ins. Co., — Mo. App. —, 176 S. W. 253; Bruch v. John Hancock Mut. Life Ins. Co., 185 S. W. 753. (5) Under the terms of the contract herein sued on the acceptance of assessments from Williams, with knowledge by the officers and members of his local camp that he was engaged in a hazardous occupation, is not a waiver of the provision of the contract relieving the Society from liability on account of his death being directly traceable to his employment in said occupation. Abel v. Modern Woodmen of America, 105 N. W. 65; Modern Woodmen of America v. Talbot, 107 N. W. 790; Crites v. Modern Woodmen of America, 117 N. W. 776; Showalter v. Modern Woodmen of America, 120 N. W. 994; Modern Woodmen of America v. Weekley, 139 Pac. 1138; Frain v. Modern Woodmen of America, 155 Pac. 330; Ridgeway v. Modern Woodmen of America, 157 Pac. 1191.

NIPPER, C.—This is an action originating in the Circuit Court of the City of St. Louis, on a beneficiary certificate. Appellants are father and mother of George E. Williams, deceased, who, prior to his death, held a certificate of membership in respondent order.

Verdict and judgment for defendant, and plaintiffs appeal.

The petition alleges that the certificate of membership, or insurance policy, was issued by respondent to the deceased, George E. Williams, in July, 1911, whereby respondent agreed to pay appellants, as beneficiaries in said certificate, the sum of $2,000, should the said deceased member be in good standing at the time of his death; that insured died on September 10, 1915, and had complied with and performed all the things required of him by said certificate.

Respondent's answer was a general denial, and a plea that the contract of insurance entered into by and between the deceased and respondent, was evidenced by: (1), the application of deceased; (2), the benefit certificate sued on; (3), the by-laws of the respondent, which became a part of the contract, and further sets out the provisions of the benefit certificate and application for membership and numerous provisions of its by-laws, and alleges that deceased, subsequent to the issuance of the certificate, and prior to his death, had become engaged in a hazardous occupation, to-wit, lineman in the employ of an electric car company or electric power or electric line or telephone company; that he was enegaged in such occupation at the time of his death, and received an electric shock; that his death resulted by reason thereof, and was directly traceable to his employment in said occupation.

Appellants' reply was a general denial.

Appellants introduced evidence to show that they were the father and mother of deceased, George E. Williams, and that he died on the date mentioned in the petition, and that he had paid all dues and was not delin-

quent at the time of his death, and then offered the benefit certificate and rested their case.

Respondent offered the certificate of authority issued by the State Superintendent of Insurance to do business in the State of Missouri as a benefit society. It then offered several sections of its by-laws, and the proofs of death which were filed with the head clerk of the respondent, on September 28, 1915, by the claimants, William D. Williams and Laura Williams. This included affidavits made by claimants; the coroner's verdict, and the evidence taken at the inquest; also the testimony of witnesses who were either upon the pole with deceased, or near the same, at the time he died, all of which was to the effect that deceased's death was caused from an electric shock while working in the employment of an electric company, and upon a pole taking up slack in electric wires.

Witness Kloppenburg stated that he was working upon the same pole with deceased at the time he died, and in answer to a question as to what, if anything, had happened that day to Mr. Williams (meaning the deceased), said:

"We were pulling slack on Landscape Avenue and had two wires pulled and we cut the slack out of the outside phase and made our connection, slacked off our blocks and got ready to take our jumper off. He worked west and turned his back to me and I east with my back turned to him, and I heard a flash and turned around and saw him hanging in his belt and I grabbed him and held him in until I got help to take him down off the pole."

The testimony shows, that upon examination of deceased it was found that he had dark burns across the abdomen and on the right arm between the wrist and elbow, and on the left arm between the elbow and shoulder.

All the evidence offered by respondent, including the affidavits made by claimants, as well as the verdict of the coroner's jury, and the evidence of the nearest witnesses

at the time of death, shows that deceased came to his death by an electric shock received while he was working upon this pole for an electric company.

Appellants, in rebuttal, offered evidence tending to show it was a very hot day, and also evidence that the deceased was not feeling well on the day he died or was killed. Drs. Buchanan, Snow and Randle, testifying for plaintiffs, stated, in response to hypothetical questions, that deceased came to his death either by being overcome by heat or sunstroke; that he was dead at the time he touched the wires, and based their conclusion upon the location of the marks, or burns, upon the body of deceased, and to the color of his face, stating that if a wire strikes a man after he is dead, it makes a black mark, as that upon deceased, but that if the coming in contact with the wire itself caused the death, the marks are red.

The evidence further disclosed however, that two of these physicians had made affidavits on the 21st of September, 1915, and prior to the date of trial, that the deceased had come to his death by reason of an electric shock, but since the aforesaid date, they had concluded they were mistaken after an examination of authorities and other facts necessary to a proper determination of the cause of death. Such other evidence as it is necessary to refer to, in a proper determination of this case, will be referred to later.

Appellants testified in rebuttal that neither of them were present at the time deceased died, and that the proofs of death were prepared by officers of the local camp; and that they did not know at the time they made such affidavits, how their son came to his death, but in making said affidavits, were acting upon the suggestion and advice of the local officers of the respondent order. We are of the opinion, that the proofs of death, under the circumstances, were not conclusive against the beneficiaries. [Queatham v. Modern Woodmen of America, 148 Mo. App. 33, 127 S. W. 651.]

The principal contention urged before this court, is with respect to error in giving instructions. It is especially urged that Instruction No. 10, given at the request of the respondent, and Instruction No. 9, given by the court of its own motion, were in conflict with Instruction No. 3, given at the request of appellants, and therefore the giving of Instructions Nos. 9 and 10 was prejudicial error. The following are the instructions, which, it is claimed, conflict with each other, and the giving of which resulted in the error complained of:

### III.

"The court instructs the jury that with respect to the defense founded on the occupation of George E. Williams, the burden of proof rests with the defendant; that is, the defendant must prove to your satisfaction by a preponderance or greater weight of the evidence that the said George E. Williams was engaged in an occupation classified by defendant's by-laws as hazardous or prohibited and that his death was directly traceable to such occupation."

### IX.

"The court instructs the jury that the burden of proof is on the plaintiff to establish by the preponderance or greater weight of the evidence, the facts necessary to a verdict in their favor under these instructions.

"By the terms 'Burden of Proof' and 'preponderance of the evidence,' the court intends no reference to the number of witnesses testifying concerning any fact, or upon any issue in the case, but simply uses those terms by way of briefly expressing the rule of law, which is, that unless the evidence (as to such issue) appears in your judgment to preponderate, in respect to its credibility, in favor of the party of this action or on whom the burden of proof (as to such issue) rests, then you should find against such party on said issue."

## X.

"The court instructs the jury that if the evidence is equally divided so that you are unable to determine in whose favor the evidence preponderates your verdict must be for the defendant."

It is urged by appellants, that under the pleadings, deceased's membership and the issuance of the policy, and that he was in good standing at the time of his death, were admitted, and that respondent pleaded an affirmative defense, and the burden of proof was on it to establish such defense; and inasmuch as the burden of proof never shifts, the burden of proof was upon respondent in this case. In support of this contention, we are cited to Berger v. Storage & Commission Company, 136 Mo. App. 36, 116 S. W. 444, and Mansur-Tebbetts Implement Company v. Ritchie, 143 Mo. 587, 45 S. W. 634.

It is true, the burden of proof never shifts and remains throughout the trial with the party asserting the affirmative of the issue, and where it is placed by the pleadings in the first instance. [10 R. C. L. 897; Marshall Livery Co. v. McKelvy, 55 Mo. App. 1. c. 242; Berger v. Storage & Commission Company, supra; Major v. Kidd, 261 Mo. 1. c. 619, 170 S. W. 879.]

It will be necessary to refer to the pleadings in the case at bar, in order to determine upon whom the burden of proof rested. By reference to defendant's answer, we find in the first paragraph thereof, a general denial of the allegations in plaintiff's petition, except such as are expressly admitted to be true. Defendant then further answering "and for its affirmative defense to plaintiffs' alleged cause of action alleges" that it is a fraternal beneficiary society, and admits the contract entered into between it and the deceased, George E. Williams, and the issuance of the benefit certificate sued on, and also that the death of the said George E. Williams, occurred on the tenth day of September, 1915; and then further avers that the deceased was engaged in a pro-

hibited occupation at the time of his death, and that his death was directly traceable thereto.

It is so well settled as the law in this State, that it is not necessary to cite authorities, that when proof of the issuance of the certificate and death is made, this makes or establishes plaintiffs' prima-facie case. Therefore the answer in this case admitted all the facts necessary to make plaintiffs' prima-facie case, and the burden was placed upon the defendant by the pleadings and remained there throughout the trial of the case.

The burden of the evidence may shift from one side to the other as the trial progresses; the burden of proof does not.

The defendant alleged an affirmative fact which would relieve it from liability. The issue was therefore raised upon defendant's affirmative allegation, and upon it rested the burden of proof. [Swift & Company v. Mutter, 115 Ill. App. 374; Home Ben. Association v. Sargent, 142 U. S. 691; Stokes v. Stokes, 155 N. Y. 581.]

It follows therefore, that the giving of Instructions Nos. 9 and 10 was reversible error, and for this the cause should be reversed and remanded for a new trial. [Easton-Taylor Trust Company v. Loker et al. (Mo. App.), 205 S. W. 87.]

Inasmuch as the case is to be retried, it will not be necessary to notice the other errors assigned in appellants' brief, for the reason that they will not occur upon another hearing.

For the reasons above stated, the Commissioner recommends that the judgment of the trial court be reversed and the cause remanded for a new trial.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded for a new trial.

*Reynolds, P. J., Allen* and *Becker, JJ.,* concur.