# Kokomo Railway & Light Company *v.* Studebaker.

[No. 6,032.    Filed January 8, 1908.]

1. PLEADING.—*Complaint.—Negativing Contributory Negligence.*— In a complaint for damages for personal injuries, it is not necessary to negative contributory negligence. p. 13.

2. SAME.—*Complaint.—Negligence.—Obstructing Street.*—A complaint alleging that defendant street railroad company negligently piled brick in the street and failed to place a danger signal thereby, and that plaintiff, without knowledge thereof, while

riding his bicycle, ran against such obstruction and was injured, states a cause of action. p. 13.

3. TRIAL.—*Instructions.*—*Erroneous Theory.*—In an action against a street railroad company for personal injuries sustained by the plaintiff in riding his bicycle, at night, against a pile of brick negligently placed in the street by defendant, instructions framed upon the theory that contributory negligence is a matter of law, and that defendant's negligence consisted in failing to keep the street in repair, were properly refused. p. 13.

4. SAME.—*Instructions.*—*Bicyclists.*—*Care.*—*Presumptions as to Condition of Streets.*—An instruction that a bicyclist has the right to ride his bicycle on the streets at night, and may assume that the streets are not obstructed, and that he is not guilty of contributory negligence as a matter of law in so doing, is correct. p. 14.

From Howard Superior Court; *B. F. Harness,* Judge.

Action by Frank L. Studebaker against the Kokomo Railway & Light Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Kirkpatrick & Morrison,* for appellant.
*Blacklidge, Shirley & Wolf,* for appellee.

ROBY, C. J.—The assignments are that the trial court erred in overruling appellant's demurrer to the complaint, and in overruling its motion for a new trial.

The substance of the complaint is that appellant owned and operated a street railway over Main street in the city of Kokomo, which street was sixty feet wide, and paved with brick; that it took up the paving brick between the rails of its track for a distance of from fifty to sixty feet, and placed them between the track and the curb; that such space was from eighteen to twenty feet in width, and that, with the exception of eight or ten feet thereof, it was covered by such loose brick; that such brick were so placed as to obstruct the street, and allowed to remain one day and night; that it placed no warning or signal upon or about said brick, and left the same unguarded and unprotected; that there was no light at the point where the brick were piled; that

appellee had no knowledge of the conditions; that he was riding along said street on a bicycle, going from his home to his place of business, a barber shop on Main street, not far from said obstruction; that it was about 8 o'clock in the evening and dark, and he ran upon said obstruction and was thrown from his wheel and injured. The objection to the complaint seems to involve the proposition that 1. the rider of a bicycle along a street after dark, who runs upon an obstruction of which he had no knowledge, is contributorily negligent. It was not necessary to aver freedom from negligence in the complaint (Acts 1899, p. 58, §362 Burns 1908; *New Castle Bridge Co.* v. *Doty* [1906], 37 Ind. App. 84; *New Castle Bridge Co.* v. *Doty* [1906], 168 Ind. 259); and while the rider of a bicycle might be negligent in failing to discover obstructions 2. in the street, he might also, in the exercise of the highest care, fail to discover them. The complaint does not contain averments compelling the conclusion of negligence. The demurrer was properly overruled.

An answer in general denial was filed, the cause submitted to a jury, and a verdict for $1,000 returned, upon which judgment was rendered.

The instructions requested and refused by the court proceed upon the false hypotheses that the question of contributory negligence was one of law, and that the negli- 3. gence charged was in failing to keep the street smooth and in repair. Contributory negligence was a question of fact to be determined in view of all the circumstances, and the negligence charged was not in allowing the surface of the street to become worn and rough, but in negligently placing and keeping an obstruction therein, which is an entirely different thing. *State, ex rel.,* v. *French Lick Springs Hotel Co.* (1907), — Ind. App. —, 82 N. E. 801.

The instruction given to which objection is made states that the appellee had the right to ride his bicycle on the

street in the night-time, using ordinary care, and
4.  assuming that the appellant had performed its duty.

*City of Indianapolis* v. *Mitchell* (1901), 27 Ind. App.
589; *Lyon* v. *City of Logansport* (1894), 9 Ind. App. 21, 28.

There is no error in the record and the judgment is
affirmed.