# COAL BLUFF MINING COMPANY *v.* McMAHON.

[No. 7,953. Filed October 7, 1913.]

1. MASTER AND SERVANT.—*Coal Mines.*—*Injuries to Servant.*—*Complaint.*—In a coal miner's action for personal injuries, a complaint charging a violation by defendant of §8569 *et seq.* Burns 1908, Acts 1905 p. 65, requiring the furnishing of sufficient props and an inspection by the mine boss at least each alternate day, is not insufficient even though it is awkwardly drawn and alleges the omission of the statutory duty as the proximate cause of the injury only by way of inferences and conclusions recited in the pleadings. p. 135.

2.   MASTER AND SERVANT.—*Coal Mines.—Injuries to Servant.—Complaint.*—A complaint for injuries to a coal miner, based on a violation of §8569 *et seq.* Burns 1908, Acts 1905 p. 65, regulating the operation of coal mines, need not charge that the omission of duty by defendant, or its violation of the provisions of the statute, was wilful.   p. 136.

3.   WORDS AND PHRASES.—*"Wilful Misconduct."*—There may be intentional misconduct which is in no sense wilful, and the term wilful misconduct includes both intentional and wrongful action.   p. 136.

4.   NEW TRIAL.—*Motion.—Time for Filing.—Statutes.*—Although the act of 1909 (Acts 1909 p. 400, §1), provides that where a verdict is returned during the last ten days of a term of court, the motion for new trial must be filed on the second Monday of the next term, a motion filed on the first Tuesday of the next term may be considered on appeal.   p. 136.

5.   APPEAL.—*Review.—Verdict.—Evidence.*—The court will not weigh the evidence on appeal, and where the evidence is such that fair-minded and reasonable men might draw different conclusions therefrom, a verdict based thereon will not be disturbed on the question of the sufficiency of the evidence.   p. 137.

6.   MASTER AND SERVANT.—*Coal Mines.—Injuries to Servant.—Contributory Negligence.—Jury Question.*—In a coal miner's action for personal injuries, based on the defendant's failure to furnish props and to make inspections as provided by §8569 *et seq.* Burns 1908, Acts 1905 p. 65, regulating the operation of coal mines, the court on appeal cannot say as a matter of law that plaintiff was guilty of contributory negligence in continuing to work in a place which he should have known to be dangerous, where the evidence was conflicting.   p. 137.

7.   APPEAL.—*Questions Reviewable.—Briefs.*—No question is presented on alleged errors in refusing to give instructions where appellant·has failed in his brief to make a concrete statement of the objections to such refusal, either under "points and authorities", or in the argument.   p. 138.

8.   MASTER AND SERVANT.—*Coal Mines.—Injuries to Servant.—Instructions.—Contributory Negligence.—Degree of Care.*—An instruction that plaintiff was not negligent in continuing to work after defendant had failed to furnish props with which to make the mine safe, unless the danger of injury in so continuing his work was so great and immediately threatening that a person of ordinary prudence under the circumstances would not have taken the risk, was sufficiently broad to cover the question of due care required of plaintiff, since the measure of due care is the conduct of a reasonably prudent person.   p. 138.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by Michael McMahon against the Coal Bluff Mining Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*S. M. McGregor,* for appellant.
*Wymond J. Beckett* and *G. L. Payne,* for appellee.

SHEA, J.—Action by appellee against appellant to recover damages for personal injuries alleged to have been sustained while in appellant's employ as a coal miner, by reason of its negligence in failing to comply with a statutory provision for the safety of its employes (Acts 1905 p. 65, §8569 *et seq.* Burns 1908). Appellant's demurrer to the amended complaint was overruled. Answer in general denial. Trial by jury, verdict and judgment for appellee.

The errors assigned are the overruling of appellant's demurrer to the complaint, and the overruling of its motion for a new trial.

The complaint, in substance, alleges that on February 8, 1909, appellant was engaged in mining coal in Clay County, Indiana, and on that day owned and operated a shaft known as Plymouth No. 1. Appellant employed in said shaft more than ten men, to wit, fifty, including appellee, who was employed to drive a certain entry known as the 5th north entry, and at the time he received the injuries complained of was driving a gob entry to the width of twelve feet. Appellant also had in its employ at said mine a mine boss whose duty it was to keep a careful watch and see that as the miners advanced their excavations, all loose coal, slate and rock overhead were taken down or carefully secured against falling, and that the traveling ways and air ways in the mine were kept secure and safe at all times; also, that each working place in the mine was properly secured by timbering, and the safety of the mine assured; that it was appellant's duty to use reasonable care to furnish appellee a safe place in which to perform his work, and protect him therein, and to that end it was its duty to keep constantly on hand at its

mine a sufficient supply of timbers and to deliver at his working place all props, caps and timbers of proper length when needed by appellee so he might at all times be able to properly secure his working place from caving in; that it was appellant's duty, by its mine boss, to visit and examine each working place in the mine, including that of appellee, at least every alternate day while the miners were or should have been at work, and see that each was properly secured by props or timbers, also that a sufficient supply of props and timbers was always on hand in order that the working place might be propped and made secure; that appellant wholly failed and neglected to perform its duty in that it did not keep constantly on hand at appellee's working place a sufficient supply of timbers of proper length when needed and required by him, but on the contrary negligently and carelessly failed and neglected to deliver the necessary props and timbers of proper length to appellee although requested by him to do so several days prior to his injury; that appellant negligently failed to provide a blackboard as required, upon which appellee could register his request for timbers, and he was directed by the mine boss to order them through the drivers in the mine; that he requested appellant's driver to deliver to him props and timbers of proper length at his working place several days prior to the injury and if appellant had furnished them, the roof could have been propped without in any way interfering with the practical working of the mine, and appellee would have so propped the same; that appellant negligently and carelessly failed to visit and examine his working place at least every alternate day while he was at work therein, and see that same was secured by props or timbers and his safety in all respects assured, but on the contrary did not visit and examine his working place more than once a week, and did not examine it for two days prior to the injury complained of, and negligently and carelessly permitted same to remain without props and timbers so that appellee was unable to prop and make his working

place safe; that by reason of appellant's negligence and the want of props or timbers to secure his working place, and appellant's failure to inspect same at least once each alternate day, the roof of the place in which appellee was at work became weak and dangerous, which was well known to appellant or might have been known by the use of reasonable diligence to ascertain its condition; that by reason of the weak and dangerous condition of the working place through appellee's inability to prop and secure same for want of props and timbers, a large piece of slate in the roof of appellee's working place, where he was performing his work in said mine on February 8, 1909, suddenly gave way and fell upon him, thereby crushing and injuring him; that said injuries occurred wholly by the fault and negligence of appellant and while appellee was in the exercise of due care and caution, and without any fault or negligence on his part, and if appellant had performed its duty, such injuries would not have occurred; that at and prior to the time of his injuries there was nothing in the appearance of the roof to indicate immediate danger, and he was unable to find any defect therein by the ordinary tests, but that same could and would have been made perfectly secure by him but for appellant's negligence as above set out.

It is insisted by appellant that the complaint is vague, indefinite and uncertain in various particulars; that it nowhere directly alleges that the proximate cause of the injury was the omission of any statutory duty except by inferences and conclusions recited in the pleading. The complaint is awkwardly drawn, and by no means a model, but we think it can serve no good purpose to enter into a further discussion of these questions as the case of *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, decided within the year by the Supreme Court of this State, and which has since been followed by this court as well as the Supreme Court, settles the question adversely to appellant's conten-

tion. See, also, *Holliday & Wyon Co.* v. *O'Donnell* (1913), 54 Ind. App. 95, 101 N. E. 642; *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 97 N. E. 429; *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758; *Cleveland, etc., R. Co.* v. *Quinn* (1913), 54 Ind. App. 11, 101 N. E. 406.

2. It is urged that even if by inference it might be held that there was an omission of duty upon appellant's part, still it must be charged that said omission was wilful to conform to the language of the statute, as appellant's learned counsel, by an ingenuous argument reasons from the language of the statute that the complaint must have charged wilful misconduct. Counsel seems to

3. overlook the clear distinction between wilful and intentional misconduct. There may be intentional misconduct which is in no sense wilful. Wilful misconduct includes both intentional and wrongful action, so we think the language of the statute does not require that the complaint shall charge wilful misconduct, either with respect to the omission to perform duties, or with respect to the violation of the provisions of the statute mentioned. There is a clear distinction between the wilful failure to comply with the provisions of a statute and a mere omission of duty with respect to such statute.

Under its motion for a new trial appellant assigns that the verdict of the jury is not sustained by sufficient evidence

4. and is contrary to law. Appellee in his brief urges that the motion for a new trial can not be considered by this court for the reason that the verdict was returned during the last ten days of the May term of the Clay Circuit Court, and the motion for a new trial was filed on the first Tuesday in the next succeeding term, while the statute (Acts 1909 p. 400, §1) provides that where the verdict is returned during the last ten days of a term of court, the motion must be filed on the second Monday of the next term, citing the case of *Ward* v. *Tuttle* (1913), 100 N. E. 761, which fully sustains his contention. A rehearing has

been granted in that case, however, which disposes of the question adversely to appellee. *Ward* v. *Tuttle* (1913), 54 Ind. App. 674, 102 N. E. 405.

It is earnestly insisted that an examination of the evidence would show ''that the rankest kind of injustice has been done the appellant'' by the jury, and therefore the court 5. should examine the evidence so that intervening errors would not be excused upon the ground that a right conclusion has been reached. This, however, is but another way of inviting the court to reverse the case upon the evidence. ''It must be kept in mind that appellate tribunals in this jurisdiction will not weigh oral evidence, but will look to the evidence, when its sufficiency to sustain the verdict is challenged, and consider it most favorably and with all reasonable inferences to be drawn therefrom, in support of the general finding of the jury. *Cleveland, etc., R. Co.* v. *Wynant* (1893), 134 Ind. 681, 689, [34 N. E. 569] ; *Robbins* v. *Spencer* (1895), 140 Ind. 483, 487, [38 N. E. 522, 40 N. E. 263]. In matters of this character it is not our province to interfere when the evidence, measured by the rule stated, is such that fair-minded and reasonable men might draw different conclusions.'' *Indiana Union Traction Co.* v. *Myers* (1911), 47 Ind. App. 646, 648; 93 N. E. 888. We are not prepared to say that this is a case, as shown by the evidence, where reasonable minds might not reach different conclusions, therefore the verdict of the jury will not be disturbed on the question of the sufficiency of the evidence.

It is next insisted that the evidence shows appellee was himself guilty of contributory negligence by continuing to work in a place where because of his experience and 6. knowledge of the surroundings and character of the place he should have known that it was dangerous to continue to work. The question of contributory negligence was submitted to the jury upon the evidence heard. While the evidence of appellee and his son who sustains him, is

sharply contradicted by the evidence introduced on behalf of appellant, we can not say as a matter of law, in the face of the finding of the jury that the evidence shows appellee to have been guilty of contributory negligence in the manner as pointed out. *Indiana Union Traction Co.* v. *Myers, supra; Kokomo R., etc., Co.* v. *Studebaker* (1908), 41 Ind. App. 11, 83 N. E. 260; *Peabody-Alwert Coal Co.* v. *Yandell, supra; Vandalia Coal Co.* v. *Price, supra.* Appellant urges that the court erred in giving to the jury instruction No. 9 requested by appellee, and in refusing to give instructions Nos. 8 and 14 requested by it. The alleged error in the refusal to give instructions Nos. 8 and 14 requested by appellant is not properly presented. Neither under "Points and Authorities" nor in the argument are the objections to the refusal to give these instructions concretely stated. "While a discussion or elaboration of a point is not proper in the statement of points, mere general statements, without specific and definite reasons specifically applied, present no question for decision." *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 460, 78 N. E. 1033. Instruction No. 9 reads as follows: "In this case if you shall find that defendant violated the statute in failing to supply plaintiff with props of proper length with which to make his working place safe and secure from falling, and that plaintiff continued to work at his working place after he knew that defendant had so failed, you can not find him guilty of negligence in so doing, unless you find that the danger of the injury in so continuing his work was so great and immediately threatening that a person of ordinary prudence, under the circumstances surrounding plaintiff at the time, would not have taken the risks." It is earnestly insisted that the instruction is not broad enough to cover the question of due care required of appellee while at work under the rock. We are unable to agree with the learned counsel's reasoning upon this question. The language of the instruction is that if a reasonably

prudent person would have gone under the rock and continued under the rock, he would not be guilty of contributory negligence; in other words, if appellee did what a reasonably prudent person would have done at all times, whether in going under the rock or working under the rock, he was not guilty of contributory negligence. The measure of due care is the conduct of a reasonably prudent person. The jury could not have been misled by this instruction, therefore no error was committed in giving it.

In view of the conclusion reached by the court in this case, other questions suggested by appellee in his brief need not be here considered.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 862. See, also, under (1) 26 Cyc. 1392; (3) 40 Cyc. 938, 944; (4) 29 Cyc. 929; (6) 26 Cyc. 1482; (8) 26 Cyc. 1507. As to duty of mine owners to prevent injury to their employes, see 87 Am. St. 557. As to liability of employer to employe accepting extrahazardous duties, see 97 Am. St. 884. As to contributory negligence of servant in continuing to work in mine notwithstanding master's promise to repair, where danger is great and imminent, see 29 L. R. A. (N. S.) 601. As to the duty of owner of mine to servants of person engaged in mining generally, see 46 L. R. A. 72. As to the liability of a mine owner to a servant for injuries caused by the falling of the roof of a mine, see Ann. Cas. 1912 B 577.