JASPER COUNTY FARMS COMPANY ET AL. *v.* MELLON.

[No. 14,217.   Filed February 25, 1932.]

*Charles W. Hanley, Cope J. Hanley* and *James C. Byrne,* for appellants.

*Abraham Halleck* and *Charles A. Halleck,* for appellee.

LOCKYEAR, J.—The complaint in this action alleges that: "The plaintiff, John Mellon, complains of the defendants and for a cause of action against them, alleges and says that the Newland Produce Company and the Jasper County Farms Company are corporations duly organized under the laws of the State of Indiana; that during the month of October, 1928, the plaintiff delivered to the defendants 5,600 crates of onions, the property of the plaintiff, of the value of $16,000.00; that the defendants undertook and agreed to keep said property safely and securely in their warehouse until called for by the plaintiff and to return the same to this plaintiff on demand.

"That for said storage the plaintiff agreed to pay the defendants the sum of ten cents per crate.

"That, on the 5th day of April, 1929, the plaintiff demanded of said defendants the return of said property, and tendered to the defendants the sum of $560.00, the amount due said defendants for the storage at the rate aforesaid, but the said defendants have so negligently and carelessly kept said property that the same was de-

stroyed, to the plaintiff's damage in the sum of $16,000.00.

"Wherefore, the plaintiff demands judgment against the defendants in the sum of $16,000.00, and for the costs of this action, and for all proper relief in the premises."

Appellants each filed separate answers in general denial to the complaint.

Jake L. Eggleston's second paragraph of answer contains a recital of evidence which, in substance, is an argumentative denial, and the third paragraph asserts that, by the terms of the contract of storage, the appellee assumed the risk of loss of the onions.

There was a trial before a jury and finding for the appellee against the Jasper County Farms Company in the sum of $4,000, for which amount judgment was rendered.

Appellant Jasper County Farms Company filed a motion for a new trial, in which error is alleged in relation to the admission and rejection of certain evidence and in the giving of certain instructions; also that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The question of the admissibility of evidence is not discussed by the appellant in its brief under Points and Authorities, and the same is thereby waived. The appellant's brief, under the heading of Points and Authorities, says the court erred in the giving of certain instructions, and assigns no reason therefor, and presents no question. See *Coal Bluff Mining Co.* v. *McMahon* (1913), 54 Ind. App. 131, 139, 102 N. E. 862; *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218.

The question presented by the evidence was whether the appellant Eggleston had authority to make a contract of storage with the appellee on behalf of the appellant Jasper County Farms Company, and whether the onions

were destroyed by any act of negligence of the appellant's agent or servant.

The evidence we need to consider on the questions presented to sustain the judgment in favor of the appellee, is, in substance, to the effect that one Jake L. Eggleston was in charge of a warehouse at Newland, Indiana, which he testified belonged to appellant Jasper County Farms Company. The appellee testified that he had raised onions for several years, including 1928; that he purchased some onions in the same year; that the warehouse belonged to the Jasper County Farms Company, where he stored onions in 1926 and 1928; that, in 1928, he talked with Eggleston, who told appellee he could use the storage for 10 cents a crate for storage; the crates belonged to the Jasper County Farms Company or Newland Produce Company; that he agreed to pay 10 cents each for the crates and the storage and could take the onions out any time during the winter; that he had stored the onions there the previous year and paid appellant through Eggleston.

Eggleston testified that, if the crates were stored in the warehouse with onions, the people storing them paid 10 cents per crate; he did not get the money, but that the Jasper County Farms Company got the 10 cents for every crate that went into the warehouse. He testified further that he took care of the business of the Jasper County Farms Company whenever they requested it.

One Charlie Karch testified that he was foreman for Jake Eggleston; that he erected stoves in the storage house in the winter of 1928-1929; that it was his duty to keep the fire going; that on January 13, 1929, he had been at the storage house about 5 o'clock and fired the stove with coal.

Other witnesses testified as to the location of the stove. It was an old cast-iron stove that had been in a box car; the bowl gets red hot easily, and that part which gets

red hot was within 18 or 20 inches of doors which were covered with paper; the storage house caught fire near the stove on said January 13, and was completely destroyed, together with the contents, including appellee's onions. From the facts proved, the jury had a right to conclude that the fire was caused by the red-hot stove.

The law governing the rights and duties of the parties to a contract of storage is well defined in the case of *Holt Ice, etc., Co.* v. *Arthur Jordan Co.* (1900), 25 Ind. App. 314, 323, 57 N. E. 575, 578, and cited by this court in *Carlisle Sweet Potato Co.* v. *Lambright* (1931), 93 Ind. App. 12, 177 N. E. 338.

The appellant's contract was to deliver the onions to appellee; this it could not do, for it had become impossible by reason of the fire, caused, as the jury believed, by negligent acts of the servants of the appellant in the line of their employment, and from no fault on the part of the appellee.

The judgment is affirmed.