No. 8612.

MAYS *v.* HEDGES.

PLEADING.—*Argumentative Denial.—Harmless Error.*—An argumentative denial is not bad on demurrer, but if the general denial be also pleaded, to sustain the demurrer is a harmless error.

MARRIED WOMAN.—*Deed.—Acknowledgment.*—The deed of a married woman in which she joins her husband, conveying his lands, is good without acknowledgment; and if she hand the deed to the grantee, assuring him that the name signed thereto is her signature, thereby inducing him to accept it, she is bound by it.

DEED.—*Acknowledgment.*—A certificate of acknowledgment to a deed, made by the officer merely on the assurance of another that the party executed it, is a nullity.

EVIDENCE.—*Signature.*—Upon the trial of the issue, whether or not a married woman's signature to a deed, also executed by her husband, was made or authorized by her, and there is direct evidence *pro* and *con*, it is error to admit evidence showing that a subsequent purchaser bought in good faith and paid a full and valuable consideration.

From the Vigo Circuit Court.

*D. C. Mitchell* and *D. N. Taylor*, for appellant.

*S. C. Davis* and *S. B. Davis*, for appellee.

MORRIS, C.—The appellant sued the appellee, alleging in the first paragraph of her complaint that she is the owner in

fee of the one undivided third part of the *west side* of the southwest quarter of section 8, township 10 north, of range 9 west, in Vigo county, Indiana, and that the appellee is the owner of the other two-thirds of said land; that they hold the same as tenants in common, and praying that partition be made of the same.

In the second paragraph of her complaint the appellant states that she is the surviving widow of Johnson B. Mays, who was in his lifetime the owner of the real estate described in the first paragraph of the complaint; that as such widow she owns the undivided one-third of said real estate, she never having joined her husband, Johnson B. Mays, in the conveyance of the same; that on the 4th day of March, 1876, said Johnson B. Mays sold and conveyed said land to John V. Carr; that said Carr and wife, on the 1st day of April, 1876, mortgaged said land to the Ætna Insurance Company, of Hartford, Connecticut, and that on the 26th day of September, 1876, said company foreclosed said mortgage, and, on the 10th day of September, 1877, caused said land to be sold on the decree foreclosing said mortgage; that said company bought said land and took a certificate of purchase for the same from the sheriff of Vigo county; that said company sold and assigned said certificate of purchase to the appellee, to whom the sheriff of said county, after the expiration of a year from the day of sale, conveyed it; that the deed to said Carr, executed by the appellant's husband, was never executed by her. She prays that her title to one-third of said land may be quieted, etc.

The appellee appeared and demurred to each paragraph of the complaint. The demurrers were overruled. He then answered in three paragraphs. The first is the general denial; the second states the facts as they are stated in the second paragraph of the complaint, except that it avers that the appellant joined with her husband in the deed conveying said land to said Carr, and it described the land as one hundred acres off the

west side of the southwest quarter of section 8, township 10 north, of range 9 west.

The third paragraph of the answer describes the land as it is described in the second paragraph; alleges that the appellant's husband, Johnson B. Mays, was the owner of the land; that on the 4th day of March, 1876, Johnson B. Mays sold and conveyed said land to said John V. Carr for the sum of $4,500; that on said day Mays, the husband of the appellant, and said Carr, procured one Samuel Bayes to write out a deed for said land; that Bayes was auditor of said county; that Mays desired Bayes to let him have a deed and go out into the country to his residence and get his wife to sign said deed, bring it back and he take the acknowledgment; but this Bayes declined to do, but said that if Mays and Carr would go and get the appellant to sign the deed, and Carr attest it as a witness, he would write out a certificate of acknowledgment and sign it; that said Mays and Carr went to the house of said Mays, and the appellant, on being asked for the deed, handed it to said Carr, saying it was all right; that when it was so handed to Carr it was signed by the appellant and her husband; that he asked her to trace with a pen her signature to the deed in his presence, but that she said it was unnecessary to do so, that that signature was hers. The auditor then attached to the deed his certificate of acknowledgment that said Ætna Insurance Company accepted from said Carr a mortgage on said land, believing his title thereto to be valid. The title of the appellee is then stated, as in the second paragraph, and he asks that the appellant may be held to be estopped to set up any claim to said land, and that his title thereto may be quieted.

The appellant demurred to the second and third paragraphs of the answer separately, on the ground that neither stated facts sufficient to constitute a defence to the action. The demurrers were overruled. The appellant then replied to the answer by a general denial.

The cause was submitted to a jury for trial. Verdict for the appellee. The jury found, in answer to an interrogatory,

Mays v. Hedges.

that the appellant did not acknowledge the deed in question before any officer authorized to take such acknowledgment.

The appellant moved the court for a new trial. The motion was overruled and judgment rendered upon the verdict in favor of the appellee.

The errors assigned are :

1st. That the court erred in overruling the demurrer to the second paragraph of the appellee's answer.

2d. That the court erred in overruling the demurrer to the third paragraph of the appellee's answer.

3d. That the court erred in overruling the appellant's motion for a new trial.

It is insisted by the appellant that the second paragraph is bad, because it amounts to the general denial. If such is the fact, it may have been unnecessary, but it could hardly be said to be bad for that reason. There might be no error in sustaining a demurrer to it, for, as the general denial is in, it could do no harm. And for the same reason there could be no error in overruling the demurrer, as the general denial would let in all proof against the appellant that could be offered under the special denial. There was no error in overruling the demurrer to the second paragraph of the answer.

It is objected to the third paragraph of the answer, that it is bad, because it amounts to the general denial, and because it purports to answer the whole complaint, but does not. It is not, as we have seen, bad for the first reason. Nor does it fail to answer the whole complaint. If true, the appellant, at the time of the death of her husband, had no interest in the land in controversy. She and her husband had conveyed it to Carr. But it is insisted that the deed to Carr was never validly acknowledged. We agree in this with the appellant. The certificate attached to the deed by auditor Bayes, upon the statement of the grantee, Carr, and not upon the act or admission of the appellant, was void. Such an acknowledgment is entirely unauthorized, and can have no effect whatever. But is the deed of the appellant, she being at the time

a married woman, without an acknowledgment, inoperative and void? The appellant's counsel argues with much earnestness and plausibility, that, upon a fair construction of the statute upon the subject, such deed should be held to be void. Were the question presented to us for the first time the argument would be entitled to much consideration. But nearly twenty years ago these provisions came before this court for construction, and it was held that section 4 of the act in relation to conveyances, 1 R. S. 1876, p. 362, was to be construed in connection with sections 11, 18 and 23, and when so construed must be regarded as directory merely; that, if otherwise construed, "it would alike affect the validity of deeds executed by persons not under disability, as well as by married women." This construction has been acquiesced in and acted upon for too long a period to be now disturbed by judicial construction. We must, therefore, hold the deed set forth in the third paragraph of the answer to be valid, though not acknowledged.

The appellant insists upon his motion for a new trial on the ground that the verdict is not sustained by sufficient evidence, and because the court erred in admitting testimony offered by the appellees, in excluding testimony offered by the appellant, and in refusing to instruct the jury as requested by her.

Counsel for the appellant say that the evidence did not show that the deed purporting to be executed by her to Carr was ever legally acknowledged by her; that, for this reason, the evidence did not justify the verdict. Such proof, as we have already held, was not necessary, the deed being valid without an acknowledgment. We have examined the testimony carefully, and we think there was evidence legally tending to support the verdict. We can not, as has been often held by this court, disturb the verdict on the weight of the evidence.

It is also insisted by counsel, that the court erred in permitting the appellee to read in evidence the deed from the appellant to Carr without proof of its execution, she having denied

its execution under oath. Were the fact as it is assumed to be, the objection to the evidence should have been sustained. But this was not the case. The pleadings alleged, and it was conceded, that the husband of the appellant had executed the deed. Carr testified, before the deed was offered in evidence, that the appellant delivered to him the deed with her signature to it, saying at the time that she had signed it. This testimony was clearly sufficient to authorize its admission in evidence.

The appellee was permitted to testify, over the objection of the appellant, as follows: " That he had purchased said land in question for a valuable consideration, and had paid for the same in full, and had purchased it in good faith without any knowledge or notice that the plaintiff held, owned or claimed any interest in and to said real estate."

The real question in controversy between the parties was, whether or not the appellant had joined with her husband in the execution of the deed to Carr, through whom the appellee derived title. If she had joined in the execution of that deed, she could not question the title of the appellee, whether he had paid for the land or not, or whether he purchased in good or bad faith from the Ætna Insurance Company. On the other hand, if she had not executed the deed to Carr, then, though the appellee had paid the full value of the land and purchased in the best of faith, she was entitled to recover one-third of it. It follows that the testimony of the appellee, as to his good faith and want of notice, was irrelevant and impertinent; nor can we say that it was not prejudicial and injurious to the appellant. Regarding the appellee as an innocent purchaser for the full value of the entire estate paid to the husband of the appellant, the jury might have been led, unwittingly and unconsciously, to give to the testimony introduced by the appellee, a preponderating force which, in the absence of such testimony, they would not have considered it entitled to. The testimony was calculated to make an impression upon the minds of the jurors favorable to the

appellee. We can not say that it did not influence the minds of the jury. Where it is clear that irrelevant testimony could not have influenced the jury adversely to the party against whom it is admitted, it may be said to be harmless, but not otherwise. Carr, the grantee, alone testifies directly to the appellant's admission of the execution of the deed; he procured a certificate of acknowledgment to be improperly attached to the deed, and admits that the appellant had told him that she would not sign the deed. She testifies that she did not execute the deed, told him she would not sign it, and never acknowledged that she had signed it. Other witnesses were called, and about an equal number testified in support of Carr and of the appellant. We think that under these circumstances the court erred in admitting that part of the testimony of the appellee above quoted.

We have examined the instructions of the court and think there was no error in them.

No cross errors have been assigned, and we can not, therefore, pass upon the demurrer to the complaint. It may be doubtful whether it contains a sufficient description of the land.

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the cost of the appellee.