No. 10,388.

FINCH v. BERGINS.

PRACTICE.—*Trial by Jury.—Instructions of Court.*—On the trial of a cause by a jury, it is error for the court, in its instructions, to assume the truth of any fact in controversy, or to invade the peculiar province of the jury to determine, for themselves, the credibility of the different witnesses and the weight of their evidence.

From the Newton Circuit Court.

*M. H. Walker* and *I. H. Phares,* for appellant.

—— *Brown* and *D. S. Frazer,* for appellee.

HOWK, J.—This was a suit by the appellant to recover the possession of certain real estate alleged to have been unlawfully detained by the appellee, and damages for such detention. The suit was commenced before a justice of the peace of Benton county; and the trial of the cause by a jury, before such justice, resulted in a verdict for the appellee, the defendant below, and judgment was thereon rendered by the justice. From this judgment the plaintiff below appealed to the circuit court of Benton county, where, on the appellee's application, the venue of the cause was changed to the court below. There the cause was set for trial before the Honorable Peter H.

Ward, as special judge, on the appellee's motion for a change of judge. The cause was again tried by a jury, and a verdict was returned for the appellee; and over the appellant's motion for a new trial, and his exception saved, the court rendered judgment on the verdict.

The overruling of his motion for a new trial is the only error assigned by the appellant in this court. In their argument of this cause the appellant's counsel first complain of an instruction to the jury, given by the court at appellee's request, as follows:

" There have been admitted as evidence before you admissions of the plaintiff tending to show that he had leased the premises as claimed by defendant. With respect to all verbal admissions I instruct you that they ought to be received with great caution. The evidence is subject to much imperfection and mistake. The party himself may have been misinformed, or he may not have clearly expressed his meaning. The witness may have misunderstood him. It frequently happens, also, that a witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say. Therefore, you should look to the probability of the statement attributed to the party having been made, to the time of the alleged statement, the credibility of the witness by whom the admissions are sought to be proven, to all the circumstances surrounding the admissions, and after applying all the tests at your command to ascertain the truth as to the admissions, and after cautiously considering the admissions, if you believe that the admissions were deliberately made and precisely identified, the evidence afforded thereby is often of the most satisfactory nature."

It is earnestly insisted by the appellant's counsel that the trial court, in the instruction quoted, invaded the province of the jury and assumed that the appellant had made admissions, which were admitted in evidence, tending to establish the appellee's defence. Whether the appellant had made any

.such admissions was one of the disputed questions in the case
for the jury to determine, in regard to which the evidence was
·conflicting.   The instruction quoted contains almost a literal
transcript of sec. 200 of 1 Greenleaf on Evidence.   Of this
.section of Greenleaf's text, in a similar instruction in *Davis* v.
*Hardy,* 76 Ind. 272, this court said :   " To give it in a charge,
:as written, would in this State, be an invasion of the jury's ex-
·clusive right to judge of the credibility and weight of evidence.
It is proper matter of argument that such evidence is subject
·to imperfection and discredit, for the reasons suggested, and
the court may direct the jury's attention to the subject.   But
it is not for the court to say, as matter of law, in reference to
the evidence of this kind, given in a particular case, that it is
subject to much imperfection ; or that ' it frequently happens
that the witness, by unintentionally altering a few expressions
really used, gives an effect to the statement completely at
·variance with what the party did say ' ; or that, where ' the
.admission is deliberately made and precisely identified, the
·evidence is often of the most satisfactory nature.'   These are
matters of fact, experience and argument, but not otherwise
the subject of legal cognizance."

So, in *Garfield* v. *State,* 74 Ind. 60, in commenting on an in-
.struction transcribed, like the one above quoted, from 1 Green-
leaf on Evidence, this court said :  " It is not every statement
of the law found in a text-book or opinion of a judge, how-
,ever well and accurately put, which can properly be embodied
in an instruction.  The processes of reasoning by which a con-
·clusion is reached, if well made, are appropriate to be found
·either in text or opinion, but rarely, if ever, is it proper to
·deliver such reasoning to a jury in the form of instructions.
The instruction under consideration does not contain a single
proposition of law, but only declarations of supposed facts,
which common experience has perhaps established as true.
The teachings of experience on questions of fact are not, how-
,ever, doctrines of law, which may be announced as such from
the bench, nor yet are they matters of proof to be shown as

·other facts in the case. They may well enter into the arguments of attorneys, one side claiming that experience teaches one thing, and the other side asserting another conclusion, but the jury, not the judge, is the arbiter of such contentions, as of all questions of fact. The most that the judge may do, under our practice, which leaves questions of fact entirely to the jury, is to direct the attention of the jurors to such propositions and leave them, in the light of their experience, to say what credit should be given to any testimony on account of its alleged doubtful character." *Nelson* v. *Vorce,* 55 Ind. 455; *Black* v. *Duncan,* 60 Ind. 522; *Scott* v. *State,* 64 Ind. 400; *Jackman* v. *State,* 71 Ind. 149.

We are of opinion that the court clearly erred in giving the jury the instruction above quoted, and that, for this error of law occurring at the trial and excepted to, and assigned by appellant as a cause for a new trial, his motion therefor ought to have been sustained.

The judgment is reversed, with costs, and the cause is remanded for a new trial and for further proceedings in accordance with this opinion.