GEORGE A. ALLEN ET AL. (ALLEN, WORTH & CO.) *v.*
HENRY P. SOMERS.

Second Judicial District, Norwich, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

The defendant left with the plaintiffs boxes of dressed poultry to be kept by them in their " cold storage " room. This room was maintained at the temperature proper and usual in such establishments, but when taken out the poultry was in bad condition because that degree of cold was not adequate to preserve such perishable property for any extended period. In an action to recover storage

charges it was *held* that in the absence of any express agreement to maintain the room at the temperature of a "freezer," so-called, the law cast no such duty upon the plaintiffs, and that they were not liable for the injury to the defendant's poultry.

Argued October 16th—decided December 18th, 1900.

ACTION to recover for the cold storage of poultry, brought to the Court of Common Pleas in New London County and tried to the court, *Noyes, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Solomon Lucas*, for the appellant (defendant).

*Donald G. Perkins*, for the appellees (plaintiffs).

TORRANCE, J. In this action the plaintiffs seek to recover compensation for keeping, as bailees of the defendant for hire, certain property in " cold storage. " By the pleadings the defendant admitted, in effect, that the amount of compensation claimed was due, but alleged, by way of counterclaim, that the plaintiffs had not used due care in keeping the property, and that as a consequence thereof the property had spoiled and become of no value, and claimed to recover as damages a much larger sum than the amount due for storage charges, less said charges.

The plaintiffs, as a first defense to the counterclaim, denied these allegations, and as a second defense set up a former judgment as a bar. The court held that the former judgment was not a bar, and the case was then tried upon the issues formed by the first defense to the counterclaim.

Upon the trial the following material facts were found by the court: The property in question consisted of dressed poultry and was known to be such by the plaintiffs when they received it from the defendant. The defendant intrusted it to the plaintiffs in boxes and packages, to be kept in the " cold storage " room of the plaintiffs as bailees for hire. It was received by the plaintiffs in prime condition ; but when

re-delivered to the defendant it was in bad condition. The term " cold storage, " as used in the trade, means a storehouse or storeroom ordinarily used for the preservation of butter and eggs, where the temperature is kept at a low degree but above the freezing point; while a " freezer " is a place for the preservation of meat or poultry where the temperature is kept below the freezing point—from zero up to 32 degrees. " I am not satisfied that these technical terms were understood either by the plaintiffs or the defendant, and I find that both parties believed when the poultry was placed in the plaintiffs' room that it was suitable for its preservation. "

The plaintiffs exercised due care in the management of their cold storage room while the defendant's property was there, and kept it at a temperature varying from 22 to 25 degrees above zero, which was a low temperature for a cold storage room, but was too high a temperature to properly keep and preserve poultry for such an extended period as this poultry was kept " or reasonably might have been expected to be kept when placed in storage. "

The plaintiffs' cold storage room was not adapted for the safe preservation of poultry for an extended period; and the poultry in question was damaged in consequence of being kept in too high a temperature.

Upon these facts the defendant asked the court, in effect, to rule as follows : (1) That the property being in prime condition when delivered to the plaintiffs and in a damaged condition when received back by the defendant, the burden was upon the plaintiffs to show that they kept said property with ordinary care and diligence ; (2) that to keep the property in question with ordinary care and diligence required of the plaintiffs that ordinary care and diligence customary among prudent men engaged in the business of keeping dressed poultry in cold storage, " and that the rule prescribed the diligence of experts as the standard of attention and watchfulness, using the term experts as descriptive of persons having actual knowledge of the business derived from experience. "

The court sustained the first of these claims, and about this ruling no complaint is made by either party; but the

court also held that upon the facts found the plaintiffs had sustained such burden, and had kept the property with the care and diligence required of them under the circumstances; and the principal, if not the only, question upon this appeal is whether the court erred in so holding.

We are of opinion that it did not err. It appears by the finding that there are two kinds of storage rooms in use, where goods of a perishable nature are accustomed to be stored for keeping : one known as a "freezer" and the other as a "cold storage" house or room ; and that the temperature of the freezer is ordinarily kept much lower than that of the cold storage room. The plaintiffs kept a cold storage room and not a freezer, and this was known to the defendant when he intrusted his property to them. The claim of the defendant in the court below, as we understand it, was, in effect, that unless the plaintiffs kept the temperature of their storage room at the temperature of a freezer, they had not used the care and diligence required of them. If such a duty rested upon the plaintiffs it was imposed either by law or by the agreement of the parties. No claim is or can be made, in the case as it stands, that such a duty was imposed upon them by agreement. No such claim is set up in the pleadings. Even if we assume, as the defendant claims, that the somewhat meagre allegations of the counterclaim on this point are helped out by the allegations of the complaint, still, at most, the counterclaim only alleges that the goods were intrusted to the plaintiffs to be kept in cold storage as bailees for hire. There is no allegation that the plaintiffs assumed any other duty toward the defendant than that which the law imposed upon them as cold storage bailees for hire. If, then, the duty to keep their room at the temperature of a "freezer" did not rest upon the plaintiffs by specific agreement, did the law under the circumstances impose upon them any such duty? We think not. The general rule is that a bailee of goods to be kept for hire must in keeping them exercise that degree of care and diligence which may reasonably be expected from a person of ordinary prudence in his situation. *Bradley* v. *Cunningham*, 61 Conn.

485, 496. This general rule may of course be varied by agreement. The case at bar falls within the general rule. The duty of the plaintiffs was to keep the temperature of their room at the ordinary cold storage room temperature. The law under the circumstances of this case imposed that duty upon them, in the absence of specific agreement otherwise; and this was the only duty that rested upon them so far as the temperature of the room was concerned. This duty they fully performed. They did not engage to keep the goods in a " freezer," and were not liable for not doing so.

As the judgment of the court below must stand, it becomes unnecessary to consider the matters set forth in the bill of exceptions on behalf of the plaintiffs which is made a part of the record, and we express no opinion thereon.

There is no error.

In this opinion the other judges concurred.