[No. 9742. Department One. November 10, 1911.]

## J. J. SMITH, *Respondent,* v. DIAMOND ICE AND STORAGE COMPANY, *Appellant.*[1]

WAREHOUSEMEN — COLD STORAGE—NEGLIGENCE—EVIDENCE—SUFFI-CIENCY. A verdict for damages to meat held by defendant in cold storage is sustained by evidence that it was in good condition when delivered, and became unmarketable by reason of the odor of iodo-form and fish acquired while in defendant's custody.

SAME—NEGLIGENCE—QUESTION FOR JURY. In an action for damages to meat held in cold storage by defendant, the question of defendant's negligence is for the jury, where there was evidence that one piece of meat had a very pronounced iodoform odor when received which would be communicated to the balance if stored together, and that it was so stored and all became unmarketable by reason of the odor.

APPEAL—REVIEW—NECESSITY OF CROSS-APPEAL—BOND. Respondent cannot urge error in not adding interest to a verdict for damages, in the absence of any cross-appeal duly perfected by the filing of an appeal bond as required by Rem. & Bal. Code, § 1721.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 5, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages. Affirmed.

*Peters & Powell,* for appellant.

*Carver & Slattery,* for respondent.

PARKER, J.—This is an action to recover damages, alleged to have been caused by the negligence of the defendant in allowing meat placed in its custody for storage to be contaminated with offensive odors rendering it unmarketable. A trial resulted in a verdict and judgment in favor of the plaintiff, from which the defendant has appealed.

Respondent is engaged in the meat business in the town of Bothell, a short distance from Seattle. Appellant is engaged in the cold storage business in Seattle. They entered into a

[1]Reported in 118 Pac. 646.

contract by which appellant agreed to properly freeze and
store in cold storage for respondent a quantity of meat, for
an agreed compensation. Respondent's cattle were to be
butchered by the Yakima Sheep Company, it being engaged
in that business in Seattle, and the meat then to be delivered
by it to appellant. This was done accordingly, and the
meat received by appellant in the absence of respondent.
There was evidence tending to show that all of the meat was
in good condition and free from odor of foreign substances
when it was delivered to appellant. On the other hand, there
was evidence tending to show that one of the pieces of meat
had an odor as if it were impregnated with iodoform, at the
time of the delivery of the meat to appellant. This consti-
tutes the only very serious conflict in the evidence. The evi-
dence further tended to show, that if the one piece of meat
was impregnated with iodoform and stored with the other
meat, it would probably cause all of the meat to acquire the
same odor; that some time after the meat had been received
by, and while in storage with, appellant, it was found to be
contaminated with the odor of iodoform and fish to the extent
that it was rendered unmarketable, thus causing the damage
to respondent for which he sues in this action. Appellant of-
fered no explanation of this condition of the meat, save the
evidence which tended to show the iodoform odor attending
the one piece at the time of delivery, and the probable com-
munication of that odor therefrom to the other meat while in
storage.

It is contended by counsel for appellant that the evidence
was not sufficient to sustain the verdict. We think, how-
ever, that this contention cannot be upheld in view of the
facts which the evidence tended to show, as we have above
briefly outlined. The question of the condition of the meat
when received by appellant was clearly one for the jury to
determine, in view of the conflict of evidence upon that ques-
tion. And since the evidence tended to show, with little or

no conflict, the depreciated value of the meat by reason of the odor of iodoform and fish, while in appellant's custody some time after its delivery, the evidence as a whole was sufficient to sustain the verdict.    In other words, if the jury believed that the meat was all received by appellant in good condition, and acquired these odors causing its damage while in appellant's custody, such facts sustain the verdict. *Berger v. St. Louis Storage & Commission Co.*, 136 Mo. App. 36, 116 S. W. 444; *Johnson v. Perkins*, 4 Ga. App. 633, 62 S. E. 152; *Holt Ice & Cold Storage Co. v. Jordan Co.*, 25 Ind. App. 314, 57 N. E. 575; *Foster v. Pacific Clipper Line*, 30 Wash. 515, 71 Pac. 48; *Pregent v. Mills*, 51 Wash. 187, 98 Pac. 328.

Counsel for appellant also rested their defense upon the theory that respondent, through his agent the Yakima Sheep Company, delivered one piece of meat having the iodoform odor, from which resulted the damage to the balance of the meat, and that thus the damage was caused by respondent's contributory negligence.    In opposition to this theory of the defense, counsel for respondent argue that the evidence does not warrant the conclusion that there was any such odor attending any of the meat when delivered to appellant; that even if there was, appellant had full knowledge thereof and of the probable damage which would result to the other meat by being stored with a piece having such odor; and that, therefore, appellant was, in any event, guilty of such negligence as would render it liable for the damage so caused.

The trial court instructed the jury upon this theory, as well as upon the theory of the damage being caused by something independent of that fact while the meat was in the appellant's custody; instructing the jury, in substance, that such storing of the piece having this odor with the other meat might amount to such negligence as would entitle respondent to recover—leaving to the jury the question of whether or not there was any meat delivered in such condi-

tion, and whether in thus storing the meat together the appellant exercised reasonable care under all the circumstances. In view of the evidence, given at the instance of appellant, tending to show a very pronounced iodoform odor attending this one piece, the appellant's knowledge thereof, the probable damaging results of such storing, and the absence of respondent at the time of delivery; and in view of the nature of the service appellant contracted to render to respondent in the storing of the meat for the purpose of its preservation, we think the trial court was not in error in instructing the jury so as to permit them to find negligence of appellant upon this theory which might, in any event, entitle respondent to recover. When we mention the fact that respondent was absent when the meat was delivered to appellant, we do not lose sight of the fact that the Yakima Sheep Company was his agent for the delivery of the meat. While that is true, it is also true that appellant owed respondent the duty of properly storing and caring for the meat, in view of the nature of its contract. And under all these circumstances, we think it was for the jury to say whether such care had been exercised by appellant as the contract contemplated, and as to whether or not the lack of such care was the proximate cause of such damage.

Counsel for respondent contend that the trial court erred in not adding interest to the amount found by the verdict of the jury, computed from the time of the commencement of the action, upon the theory that interest would attach at that time, since the commencement of the action was a demand for the payment of an unliquidated claim. This question, of course, would not be before us except upon an appeal taken by respondent from the judgment, since it is an effort to have that judgment revised. The record before us fails to show a perfected appeal taken by respondent from the judgment. This fact was noticed and counsel's attention was called to it upon oral argument in this court, when it was understood that a supplemental transcript should be

sent to this court from the superior court, showing the condition of the record in that particular. A supplemental transcript has been filed here accordingly, but it shows no steps taken towards an appeal, other than a notice of appeal. No bond has been furnished looking to the perfection of that appeal, and it is therefore "ineffectual for any purpose." Rem. & Bal. Code, § 1721. We are not called upon to notice this question.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.