GOFF *v.* STATE OF INDIANA.

[No. 13,657. Filed May 9, 1929.]

*Frank S. Pryor* and *Earl B. Stroup,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

McMAHAN, P. J.—Appellant was convicted in the city court of Frankfort of the unlawful possession of intoxicating liquor. He appealed to the circuit court, where he was again convicted. The contentions in this court are that the verdict is not sustained by sufficient evidence, that it is contrary to law, and that the court erred in instructing the jury.

Appellant, at the time of the trial, was twenty-six years of age, unmarried and lived on a farm with his parents east of Frankfort. On the evening of April 9, 1927, appellant, with Ephriam Barnett and another man, went from Hillisburgh to Frankfort in appellant's automobile. Shortly after they reached Frankfort, a police officer, in an automobile, claiming appellant had crossed a street in violation of a traffic signal, followed him a short distance, took his name, and number of his car, ascertained where he lived and directed him to report to police headquarters. On the way to the police station, appellant threw four bottles out of his car to the pavement, breaking them and thus destroying the contents. Appellant testified that one of the bottles was empty; that he bought the

other three bottles a week before at Lafayette and that two were "apricot" and one "peach"; that he paid seventy-five cents for each of the small bottles and $1.25 for the large ones. These bottles were on the floor of appellant's automobile back of the front seat from the time he started to Frankfort until he threw them out as he was going to the police station. The officer who ordered appellant to report to the station and his wife were about forty feet behind appellant when he threw the bottles out. They and others testified that the liquor which was thrown on the street by appellant smelled like alcohol. Other policemen who were sent out to pick up the broken glass and investigate also testified to the alcoholic odor and gave it as their opinion that it was intoxicating liquor. One of them examined appellant's car, found broken glass on running board and wet spot on running board about two feet long, with odor of alcohol. There is evidence to the effect that the chief of police had been informed that appellant was "boot-legging" and that he had given the police orders to keep a watch over him. Appellant, in explaining why he threw the liquor out of his car, said he had been informed the police were going to "frame" on him. A small whisky glass was found in the pocket of appellant's car. While the evidence is not as clear and convincing as one might wish, we hold that the facts and circumstances disclosed by the evidence most favorable to the State are sufficient to justify the inference that the liquor contained in the bottles which appellant threw out was intoxicating. The case was well and fairly tried, and it is not within our province to overthrow the verdict of the jury on the weight of the evidence. The contention that the verdict is not sustained by the evidence, or that it is contrary to law, cannot be sustained.

The jury was well instructed. Of the instructions dealing with circumstantial evidence, complaint is made

of 8, which is as follows: "The true test by which to determine the value of circumstantial evidence in respect to its sufficiency to warrant a conviction in a criminal case, is not whether the proof established circumstances which are consistent, or which coincide with the hypothesis of the guilt of the accused, but whether the circumstances, satisfactorily established, are of so conclusive a character, and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of his innocence. The force of circumstantial evidence being exclusive in its character, the mere coincidence of a given number of circumstances with the hypothesis of guilt, or that they would account for, or concur with or render probable the guilt of the accused, is not a reliable or admissible test, unless the circumstances rise to such a degree of cogency and force, as, in the order of natural causes and effect, to exclude to a moral certainty, every other hypothesis except the single one of guilt." Appellant says this instruction substitutes the rule of moral certainty for the rule of reasonable doubt, and, for that reason, the court committed reversible error in giving it. The instruction is not subject to such criticism. It is well within the authorities. See *McQueary* v. *State* (1928), 199 Ind. 700, 160 N. E. 291; *Falk* v. *State* (1914), 182 Ind. 317, 106 N. E. 364.

Affirmed.