## Wool Growers Commission Company *v.* Gabler.

[No. 14,046. Filed May 26, 1931.]

*Lawrence D. Carey, William A. Pickens* and *Pickens, Cox, Conder & Bain,* for appellant.

*Addison K. Sills,* for appellee.

Wood, J.—On April 1, 1927, the appellant entered into a written contract with one John Lofland, under

which it agreed to sell to him 2,100 head of lambs, to weigh approximately 65 pounds per head, at nine cents per pound, to be delivered on or before September 10, 1927; $2,100 was paid upon this contract at the time it was entered into. The contract was assigned to appellee, before September 10, 1927. Appellant failed to deliver the lambs as provided in the contract, and appellee brought suit on a complaint in two paragraphs for damages sustained.

The first paragraph of complaint was filed upon February 1, 1928. At the time of filing this paragraph of complaint, appellee also filed an affidavit and bond, for the issuing of a writ of attachment, commanding the sheriff to attach and take into his possession the property of appellant found within his county. Pursuant to this writ, he did upon said day attach and take into his possession, as the property of appellant, 615 head of sheep.

The record shows that the appellant did not file any answer to plaintiff's complaint, or in any way deny liability on account of its failure to carry out the terms of the contract. But the appellant did appear and file an answer, which, omitting the caption, reads as follows: "The defendant hereby enters its special appearance to the plaintiff's complaint herein, and, upon such special appearance, and not otherwise, and for the sole purpose of defending against the plaintiff's right to enforce his proceedings in attachment in the above entitled cause, says that, on the first day of February, 1928, this defendant was not the owner of property attached by the sheriff of White County, Indiana, in the above-entitled cause, and that, on said first day of February, 1928, this defendant was not the owner of any property in White County, Indiana, subject to attachment, nor has this defendant at any time since the first day of February, 1928, been the owner of any property, in White County, Indiana, subject to attachment. Wherefore, defendant

prays judgment in its favor in the attachment proceedings herein."

To this answer, appellee filed a reply in general denial.

The issues as thus formed were submitted to the court for trial, which resulted in a finding and judgment for appellee upon his complaint, and in the attachment proceedings. Appellant filed a motion for a new trial, alleging that the decision of the court was contrary to law, and not sustained by sufficient evidence, which was overruled. This action of the trial court is the only error assigned for reversal of this judgment.

Counsel for appellee, in their brief, point out that some of the pleadings are not included in the record. However, all the pleadings upon which the cause was finally tried are in the record. It is further asserted by appellee's counsel that appellant's brief does not contain a complete review of the evidence. This defect did exist in appellant's brief, but, upon leave of court, was corrected. This brings us to a consideration of the only question presented on this appeal, viz.: In whom was the title to the 615 sheep at the time of the levying of the writ of attachment by the sheriff?

This was the only issue submitted to the trial court for its determination. It appears upon an examination of the record that the evidence upon this question was conflicting. The court found from the evidence that, at the time of the levy by the sheriff, the title to the sheep was in appellant. That this court will not weigh the evidence, where it is conflicting, is a rule of long and unbroken standing. *Reitemeier* v. *Linard* (1926), 90 Ind. App. 363, 150 N. E. 797; *Goff* v. *State* (1929), 89 Ind. App. 307, 166 N. E. 262; *Luckado* v. *State* (1929), 89 Ind. App. 578, 166 N. E. 618; *Essex* v. *Millikan* (1928), 88 Ind. App. 399, 164 N. E. 284; *Baum* v. *Nord* (1928), 88 Ind. App. 674, 164 N. E. 294; *Hitt* v. *Carr* (1928), 201 Ind. 17, 162 N. E. 409.

There was evidence fully sustaining the finding and judgment of the court.

The judgment is therefore affirmed.