## COMMERCIAL ACCEPTANCE COMPANY *v.* WALTON.

[No. 14,151. Filed May 28, 1931. Rehearing denied October 1, 1931.]

*Frank King, Theophilus J. Moll, John J. Kelly* and *Albert M. Thayer,* for appellant.

*Arthur R. Robinson, Frank A. Symmes, Garth B. Melson, Donald F. Lafuse* and *Harold F. Kealing,* for appellee.

WOOD, J.—Appellee brought suit against the appellant, Commercial Acceptance Company, C. J. Brinkman and Updike Auto Company, for damages resulting from the alleged unlawful conversion of an automobile.

The issue consisted of a complaint in one paragraph, to which appellant filed an answer in general denial.

The suit was dismissed as to Updike Auto Company. Upon the issues thus formed, the cause was submitted to a jury for trial, resulting in a verdict against appellant in favor of appellee, and against appellee in favor of C. J. Brinkman. A motion for a new trial was filed by appellant, this was overruled, and judgment entered against appellant in favor of appellee on the verdict.

Appellant has appealed to this court, assigning as error the overruling of its motion for a new trial.

While appellant, in its motion for a new trial, alleged 15 reasons therefor, among which are included rulings on the admission and exclusion of evidence and the giving and the refusal to give certain instructions, the only reasons properly set out and discussed by appellant's counsel in their brief, and not waived are: (1) That the verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; and (3) the damages assessed by the jury are excessive.

The appellee lived in the city of Indianapolis; on April 22, 1929, he purchased an automobile from the Updike Auto Company, for the sum of $850; in settlement, he traded in an old car for $300, and executed for the balance what is commonly called a "conditional sales contract" under which, title to the automobile was reserved in the seller until he had made 16 monthly payments of $40.50 each; upon failure of appellee to make his payments as provided, the whole amount remaining unpaid on the contract could, at the option of the seller, be declared immediately due and payable and the automobile could be repossessed; this contract was assigned to the appellant.

On August 22, 1929, a payment was due on the contract; appellee had in the meantime met with financial reverses; he went to the office of appellant in the city of Indianapolis, where he was informed by appellant's cashier that, "perhaps a few days wouldn't make any

difference." Appellee returned to appellant's office again upon Saturday, August 24, 1929, where he had a talk with Mr. Brinkman, city collector for appellant. Appellee, at that time, left the automobile in the garage of appellant, receiving the following receipt: "Received of R. W. Walton one Auburn Cab, which we are holding at our garage until the first of week, C. J. Brinkman." On Monday, August 26, 1929, appellee again went to the office of appellant, offered to pay the installment due on the contract and demanded the automobile. Appellant refused to accept the payment on the contract, or to return the automobile, informing appellee that the automobile had been wrecked, that it could not be returned to appellee and that appellant had repossessed same. There was other evidence before the jury for its consideration, relating to the negotiations between the parties concerning the payment of the installment due on the contract and the disposition to be made of the automobile and its value. This evidence was conflicting.

The questions tendered under the issues and submitted to the jury for its determination were, first, whether the appellant had wrongfully converted the automobile of appellee and, if so, second, the amount of damages sustained by reason of such conversion.

Upon the record as it comes to us, the first question for our consideration is: Is there any evidence to support the finding of the jury? Parties competent to make a contract may, at their pleasure, cancel, abandon, modify or change it. As said by Roby, J., in *Tong* v. *Orr* (1909), 44 Ind. App. 681, 694, 87 N. E. 147, 88 N. E. 308, on petition for rehearing: "It is not necessary to decide whether there is evidence in the record sufficient to sustain a finding that the original contract had not been abandoned. The sole question is whether there is evidence to sustain the finding made by

the general verdict, and that being the case, an affirmance follows.

"There is no special formula or set of words which must be used in abrogating or modifying a contract. The question is one of fact, to be determined in the trial court upon the evidence in each case." Where the evidence is conflicting, as in the case at bar, this court will not weigh it, in order to set aside the decision of the trial court. *Wise* v. *Wise* (1909), 43 Ind. App. 625, 88 N. E. 309; *Polk Sanitary Milk Co.* v. *Qualiza* (1930), 92 Ind. App. 72, 172 N. E. 576; *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, 74 N. E. 504; *Parkison* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109, 3 Ann. Cas. 677; *Hitt* v. *Carr* (1928), 201 Ind. 17, 162 N. E. 409.

The second question for our consideration is: Is the amount of the damages awarded excessive? Here again, the evidence from which the jury was to determine the amount of damages, if any, sustained by appellee was conflicting.

"Where a new trial is sought on the ground of excessive damages, attention is directed to the evidence, the same as it is where the legal sufficiency of the evidence is challenged under the sixth subdivision of the statutory grounds for a new trial." *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 74 N. E. 509. The amount of the damages awarded by the jury, does not indicate, that it took into consideration, any improper elements, or that it was prompted to act through prejudice, corruption or other improper motive. *Cleveland, etc., R. Co.* v. *Miller, supra; Cleveland, etc., R. Co.* v. *Hadley* (1907), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1; *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 211; *Baldwin Piano Co.* v. *Allen* (1918), 187 Ind. 315, 118 N. E. 305.

Finding no error, the judgment is affirmed.