CARLISLE SWEET POTATO COMPANY *v.* LAMBRIGHT.

[No. 14,155. Filed August 12, 1931.]

*Amorine M. Wilson* and *Floyd L. Young*, for appellant.

*Martin L. Pigg* and *Kessinger & Hill*, for appellee.

LOCKYEAR, J.—This was an action brought by appellee against the appellant to recover damages for sweet potatoes stored by appellee in appellant's sweet potato storage house, which potatoes were alleged to have been injured by the negligence of appellant in caring for said sweet potatoes while in said storage plant. The complaint was in one paragraph and alleged that appellee stored sweet potatoes in the fall of 1927 in the storage house of appellant; that through the alleged negligence of the appellant such sweet potatoes were injured to the damage of the appellee, which negligence is alleged to be that the appellant did not cure, season, dry, look after and keep in a marketable condition said sweet potatoes, but negligently failed so to do; that he did not properly season, cure, dry and care for said sweet potatoes and did not keep the proper temperature and heat for said sweet potatoes and negligently failed so to do.

There was a trial by the court resulting in a finding and judgment against the appellant, the defendant below, in the sum of $827.45. The appellant filed a motion for a new trial on the grounds that the finding of the court was not sustained by sufficient evidence and was contrary to law; that the court erred in assessing the damages, in that the same are excessive.

The evidence shows, without contradiction, that the appellant owned a storage warehouse in Carlisle, Indiana, wherein the appellee stored 500 bushels of sweet potatoes for which the appellee agreed to pay appellant 12 and one-half cents per bushel for said storage.

One Arch Orr testified that he was an employee of the appellant at the storage plant at the time in question; the storage plant was heated by burning coal. There were no floor ventilators; there were ventilators in the roof; that he tried to keep the temperature about 80 degrees. The potatoes delivered

by appellee looked all right. He examined the potatoes occasionally while he was there and they were pretty well cured when he left.

Other witnesses testified that the potatoes were sound when delivered to appellant's warehouse, and that none of them were frost bitten. The law applicable to this case is found in *Holt Ice, etc., Co.* v. *Arthur Jordan Co.* (1900), 25 Ind. App. 314, 57 N. E. 575. At p. 323 we find this language: "It must be conceded that appellant could perform its part of the contract only by delivering up the property in good condition when the bailment ended." See, also, *Allen* v. *Somers* (1900), 73 Conn. 355, 47 Atl. 653, 84 Am. St. 158, 52 L. R. A. 107, and notes; *Smith* v. *Diamond Ice, etc., Co.* (1911), 65 Wash. 576, 118 Pac. 646, 38 L. R. A. (N.S.) 995, and notes. In the case before us, there is evidence that the potatoes were not in good condition when redelivered to the appellee. When the potatoes were taken out of storage, a number of witnesses testified that they were spoiled and unfit for use, and that the cause was improper heat and improper ventilation, and if the potatoes were spoiled, as a number of witnesses testified they were, the amount of recovery is not too large.

While there is some conflict in the evidence, there is substantial evidence to support the finding and judgment of the court, and, under such circumstances, the rule is well settled that the judgment of the lower court will not be disturbed on appeal. There is no evidence to show that the potatoes were damaged by any other cause than the negligence of appellant as alleged in the complaint.

Judgment is affirmed.