## POWELL v. POWELL.

[No. 14,311.   Filed March 11, 1932.]

*William L. Slinkard,* for appellant.
*Will R. Vosloh,* for appellee.

KIME, J.—This was a suit to annul a marriage for fraud in inducing appellant to enter into such marriage. The complaint was in one paragraph, which was answered by a general denial. There was a trial before the court, with a finding that appellant take nothing by his complaint, and judgment followed. The motion for a new trial assigned that the finding and decision was not sustained by sufficient evidence and that the finding and decision were contrary to law. The assignment here is that the court erred in overruling the motion for a new trial.

The facts material are as follows: Appellant and appellee had intercourse on April 29, 1928; both testified that they had never had intercourse together before or since that time until after their marriage December 1, 1928; on or about November 30, 1928, appellant was arrested and charged with bastardy; upon the representation that he was the father of the unborn child, they married; on March 5, 1929, a normal child was born to the appellee; appellant left shortly thereafter and never returned to appellee as a husband. *Appellee testified that she had never had intercourse with any other person than appellant;* two doctors of medicine testified that they had grave doubts as to this being the child of appellant and that, in all their experience, they had never known a child to be "carried" that long.

There is material competent evidence here from which the trial court could arrive at the conclusion reached. Where there is material competent evidence to sustain the lower court, this court will not reverse. *Renihan* v. *Piowaty* (1932), post 523; *Keenan Hotel Co.* v. *Funk* (1931), 93 Ind. App. 677, 177 N. E. 364; *First Nat. Bank* v. *Federal Land Bank* (1931), 93 Ind. App. 15, 177 N. E. 462; *Senrich* v. *Carson* (1931), 92 Ind. App. 649, 176 N. E. 874.

From the above quoted testimony it is apparent that the evidence is somewhat conflicting. Where there is any conflict in the evidence, this court cannot and will not weigh such evidence. *Carlisle Sweet Potato Co.* v. *Lambright* (1931), 93 Ind. App. 12, 177 N. E. 338; *Commercial Acceptance Co.* v. *Walton* (1931), 93 Ind. App. 136, 176 N. E. 244; *Wool Growers Commission Co.* v. *Gabler* (1931), 92 Ind. App. 462, 176 N. E. 249.

The judgment of the Greene Circuit Court is, therefore, affirmed, and it is so ordered.