BOARD OF COMMISSIONERS OF THE COUNTY OF ST. JOSEPH, INDIANA *v.* FREDERICK J. GRAF.

[No. 272A100. Filed November 15, 1972. Rehearing denied January 11, 1973. Transfer denied May 23, 1973.]

*John J. Lorber, Crumpacker, May, Levy & Searer,* of South Bend, for appellant.

*Forrest Bowman, Jr.,* of Indianapolis, for appellee.

ROBERTSON, P.J.—This appeal arises out of a proceeding to determine appellee Graf's attorney fees and expenses for legal services rendered to the appellant Commissioners.

Graf's employment by the Commissioners was commenced May 5, 1970, at which time the Commissioners requested, through the then St. Joseph County Attorney, Joseph Ettl, that Graf appear as local counsel in a pending class action in Marion County to recover inheritance taxes from the Indiana Review Board due St. Joseph and other counties. St. Joseph County had chosen to exclude itself from the class and to enter an appearance through its own counsel. Ettl, after discussion of various plans with the Commissioners regarding the hiring of counsel, was told to hire someone on a per diem basis. Ettl then sent Graf a letter, the body of which reads:

> "This will confirm our telephone conversation on this date in which I authorize you to enter my appearance for and on behalf of the Board of County Commissioners of St. Joseph County, Indiana, and for you to appear with me as local counsel in the pending class action litigation for the recovery of inheritance taxes due and owing to St. Joseph County and other counties.
>
> I am enclosing herewith a complete caption together with other documents.
>
> I am authorized to engage you on a per diem basis, and would suggest you keep a time record of your services in

this matter and bill for such service on a monthly basis, claim forms for which I enclose herewith.

Any claim forms which you then have ready for presentation to our county please forward to me and I will have the same processed."

Graf subsequently billed and was paid by St. Joseph County for 104¾ hours at $35 an hour for a total amount of $4,367.93. The hourly rate conforms to the Indianapolis minimum bar rate.

Graf entered his appearance in Marion County Superior Court and participated in various proceedings including pretrial conferences and a change of venue to Shelby Circuit Court where the cause was ultimately decided, via summary judgment, in favor of the counties. The subsequent appeal, in which Graf participated, was dismissed by the Appellate Court as moot. After the change of venue Ettl was replaced by another county attorney, however, Ettl continued to be interested in the case.

The attorneys for the class plaintiffs filed a petition with the trial court for an award of reasonable attorney fees and expenses pursuant to Trial Rule 23 (D). IC 1971, 34-5-1-1. As an adjunct to the hearing on the petition, Graf also presented evidence to obtain an award of attorney's fees. That part of the judgment pertaining to Graf, reads:

". . . that the Clerk of the Shelby Circuit Court effect payment to Frederick J. Graf, attorney for the Board of Commissioners of St. Joseph County, State of Indiana, in this cause, the sum of $12,806.25, as attorney's fees and expenses and which sum reflects full credit for the preliminary per diem attorney fees and expenses heretofore caused to be paid by the said Board of Commissioners of St. Joseph County, State of Indiana; . . ."

In addition to the amount previously paid by the Commissioners Graf had performed another 89 hours of services that had not been paid for, nor reimbursed for $82.19 of out of pocket expenses.

The Commissioners' Motion to Correct Errors assigns the following as error:

1. The Court's decision is against the weight of the evidence and contrary to the evidence;
2. The Court's decision is contrary to law; and
3. The Court's decision on the amount of appellee's attorney fees is excessive.

It is our opinion the second assignment of error, that the decision is contrary to law, is well taken. The basis of the Commissioners' contention rests on the proposition that the trial court ignored the contract of employment between the parties. Graf's position can be summarized as: because of a change of circumstances, i.e., the change of venue, the resulting appeal, etc., he is entitled to additional fees on a basis of *quantum meruit.*

The law dispositive of this case is contained in *Tong* v. *Orr* (1909), 44 Ind. App. 681, 88 N.E. 308, which sets forth the applicable principles of abandonment of a contract, especially as it applies between attorney and client.

In the *Tong* case, *supra*, the attorney was retained for a fixed fee to quiet title. It was represented that any defense to suit would be merely formal, however, it became apparent that such would not be the case. The attorney communicated this to his client and in so doing indicated the fixed fee was inadequate. The client responded with instructions to "fight it to the finish". The attorney complied. The client did pay the attorney somewhat more than the original fee, however, the attorney was successful in an action based on *quantum meruit* for a still larger fee. *Tong* holds that an attorney, like anyone else, is bound by his contracts.

(We believe it appropriate to point out in the instant case that there was no complaint or dissatisfaction of any kind with the services rendered by Graf by the Commissioners).

A review of the testimony presented in the case at bar reveals that the absolutely essential element of communicating the change in the nature of the case by the attorney to the client is lacking.

Graf is correct in his observation that it is beyond the power of this court to weigh the evidence. However, in stating a logical extension of a holding in the oft-cited ■ *Pokraka* v. *Lummus Co.* (1951), 230 Ind. 523, 104 N.E.2d 669, where there is a lack of evidence or evidence from which an inference can be made, on an essential element of the cause, there must be a reversal.

Graf relies upon *Tong, supra,* and *Commercial Acceptance Co.* v. *Walton* (1931), 93 Ind. App. 136, 176 N.E. 244, which hold that there is no special formula or set of words necessary to abrogate a contract. Implicit in such a statement is that some formula or words must be used by a party to abrogate the contract. Both cases then say it is a question of fact to be determined by the evidence in each case. In the case at bar, we find that there was no evidence from which the trial court could infer the words or formula necessary to abrogate or modify the employment contract existent between Graf and the Commissioners.

Graf also advances the theory that the Commissioners had imputed knowledge of the change of circumstances because Ettl, the former county attorney, was aware of the change. We know of no way that knowledge can be imputed in the face of the evidence. There was no change in the hourly billing procedure by Graf, Ettl did not expect a percentage of the award, the explicit nature of the per diem employment arrangement, and the president of the county commissioners testified that he was not aware of any additional attorneys fees until the night before the hearing in question. Any arrangement contrary to the per diem, if such in fact existed, could only lead to the conclusion that someone acted beyond the scope of their authority. In any event, Ettl's knowledge

of the change of circumstances in light of the evidence, would only indicate a higher number of hours to be worked by Graf and not a change in the basic agreement.

This cause is reversed and remanded with the trial court directed to enter judgment for the appellee in the sum of $3115, representing 89 hours at $35 an hour, and for his unreimbursed expenses.

Lowdermilk, J., concurs.

Buchanan, P.J., by assignment, concurs.

NOTE.—Reported at 288 N.E.2d 798.

## ON PETITION FOR REHEARING

ROBERTSON, P.J.—Graf raises two issues in his petition for rehearing which seem to require further attention from this court.

The first is that we gave no statement in writing overruling two motions to dismiss which had been previously filed. We are directed to no authority which requires a statement in writing on rulings of motions to dismiss.

Secondly, Graf alleges substantially greater out of pocket expenses than the $82.19 referred to in the opinion on the merits. If such be the case, the trial court is directed to allow Graf to make proof accordingly and make the appropriate changes in the judgment to accurately reflect his actual expenses.

In all other respects Graf's petition for rehearing is overruled.

Lowdermilk, J., concurs.

Buchanan, P.J., by assignment, concurs.

NOTE.—Reported at 288 N.E.2d 800.